DAN FOREMAN v. THE STATE.

*No. 1.   Decided January 25.*

1. **Information—Disturbance of the Peace—Abusive Language.**
An information for disturbance of the peace, brought under article 314 of the Penal Code, need not set out the abusive language used; and an information based on article 495a of the Penal Code, if it charges that defendant, in the presence and hearing of another, did curse or abuse such person, under circumstances reasonably calculated to provoke a breach of the peace, is sufficient.

2. **Case Disapproved.**— In so far as the case of Elkins v. The State, 26 Texas Court of Appeals, 220, announces or intimates a rule different from that above stated, that case is disapproved.

APPEAL from the County Court of Kaufman. Tried below before Hon. JOHN VEASEY, County Judge.

Appellant was tried in the court below upon an information which charged, " That Dan Foreman did, in the county of Kaufman, and State

of Texas, on or about the 24th day of September, A. D. 1891, in the presence and hearing of D. C. Crain, curse, abuse, and use violently abusive language to said D. C. Crain, concerning him, under circumstances reasonably calculated to produce a breach of the peace," etc.

A motion was made to quash the information, because it did not give the language used by defendant, but states a conclusion. Neither does it state that any language whatever was used towards D. C. Crain. This motion to quash was overruled, and defendant was convicted, his punishment being placed at a fine of $5.

A statement of the facts is unnecessary.

*J. D. Cuninngham*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of the offense of having, in the presence and hearing of D. C. Crain, cursed, abused, and used violently abusive language to said Crain, concerning him, under circumstances reasonably calculated to provoke a breach of the peace, and was fined in the sum of $5, from which he appeals.

We see no error in the information. It correctly charges the offense. It was not necessary to set out the abusive language. Under article 314, Penal Code, it is only necessary to allege that the language was loud and vociferous, obscene, vulgar, or indecent, or that defendant did swear or curse, etc., in a manner calculated to disturb the inhabitants of such public place or private house; and so under article 495a, Penal Code, it is sufficient to allege that defendant, in the presence and hearing of another, did curse or abuse such person, etc., under circumstances reasonably calculated to provoke a breach of the peace. The intimation to the contrary in the Elkins case, 26 Texas Court of Appeals, 220, is obiter.

The evidence showed clearly that defendant was guilty as charged; that he cursed. abused, and used violently abusive language to and concerning D. C. Crain, and it was done in the presence of his (Crain's) wife; and that he challenged Crain to meet him half-way for a fight, the parties being 50 yards apart.

The court did not err in refusing to give the special charge asked, for the reason, as stated by the court, the substance was given in the general charge. There are no other errors, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.