LAFAYETTE PARSONS v. THE STATE.

*No. 842. Decided October 20.*

1. **Disturbance of the Peace—Indictment.**—See opinion for an indictment for disturbance of the peace which, though somewhat inartistic and ungrammatical, *Held*, sufficient to charge that offense as it is defined in articles 314 and 315, Penal Code.

2. **Same.**—In an indictment for disturbance of the peace, an allegation that accused acted "in a manner calculated to disturb the inhabitants of said public place," sufficiently avers the fact that people were there assembled.

APPEAL from the County Court of Titus. Tried below before Hon. H. T. RHEA, County Judge.

Appellant was convicted for a disturbance of the peace, his punishment being assessed at a fine of $1.

The indictment is set out in the opinion. A motion to quash was made upon the grounds: first, that it charged no offense against the

law; second, it attempted to charge a disturbance at a public school house where people commonly assembled for business purposes, etc., but failed to charge that people were then and there assembled at said school house. This motion was overruled, and the correctness of the ruling is the only question presented on appeal.

*S. P. Pounders*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This conviction was for disturbance of the peace. The only question presented for discussion is the sufficiency of the indictment to charge the offense. Omitting formal parts, the indictment charges, that appellant "did then and there unlawfully go into and near a public place, to wit, Gladewater school house, and did then and there use loud and vociferous language, and did then and there laugh and talk in a manner calculated to disturb the inhabitants of said public place, said Gladewater school house then and there being a place to which people did then and there *resorted* for the purpose of business, recreations, and amusement, against the peace and dignity of the State."

Whilst a little inartistic and not grammatically free from criticism, yet it sufficiently charges the statutory offense defined by articles 314 and 315, Penal Code.

The point urged is, that it is not charged that people were assembled at or in the school house mentioned. We can not concur in this contention. It is usually sufficient in an indictment to charge the offense in the language of the statute. The allegation that appellant acted in the manner specified, "in a manner calculated *to disturb the inhabitants of said public place* * * *," sufficiently avers the fact that people were there assembled.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.