## S. L. DAVIS v. THE STATE.

No. 2062. Decided November 8, 1899.

**1. Statement of Facts—Right to.**

It is an unquestioned right of an appellant to have a statement of facts prepared, approved, and sent up in the record on appeal; and it is only where there is a want of sufficient diligence on his part that he will be considered negligent or at fault in this matter.

**2. Same.**

See opinion for facts stated upon which the court holds that appellant has been deprived of a statement of facts without negligence or laches on his part; and, on account of which, the judgment is reversed.

Appeal. from the County Court of Morris. Tried below before Hon. J. G. Heard, County Judge.

Appeal from a conviction for a violation of the Sunday law; penalty, a fine of $25.

No statement necessary.

*Henderson & Robinson*, for appellant.

*Rob't A. John*, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of a viola-. tion of the Sunday law. His motion for new trial was overruled on May 18th, and an order allowing ten days after adjournment of court in which to prepare statement of facts was entered upon the minutes. Court adjourned on May 20th. On May 24th or 25th appellant presented to the county attorney his prepared statement of facts, which it is stated covered about three pages of written matter. The county attorney failed to agree with appellant's counsel on said statement, and for one reason or another delayed preparing a statement, and insisted upon keeping appellant's statement of facts until May 29th, when he returned the same to appellant's counsel, who at once handed it to the county judge, and informed him of the fact that he and the county attorney had failed to agree. The county judge did not prepare a statement, or approve the one submitted by appellant, hence appellant is before this court without the evidence. The county judge files an affidavit stating that he allowed the ten days from overruling the motion for new trial, and further, that the statement was not presented to him until after the expiration of the ten days allowed for filing. The county attorney also files an affidavit that the statement was presented to him, but that he could not agree to it, and thereupon prepared a statement of his own, and submitted the same to the county judge; all of which was done before the expiration of the ten days allowed for that purpose. The county judge's impression seemed to be that the statement should have been presented to him within ten days from the overruling of the motion for new trial, but such was not the order allowed. It states emphatically that ten days was allowed after the adjournment of court for the term. The county judge had ample time, even on the ninth day, to have approved the statement; and, besides, he had an entire day after the ninth in which to prepare and file a statement. We are of opinion, under the facts stated, appellant's diligence was sufficient. The county judge could have prepared and filed a statement easily within the ten days allowed, and appellant would now have the benefit of a hearing before this court on the evidence. It is an unquestioned right of appellant to have a statement of facts prepared, approved, and sent up in the record on appeal; and it is only when there is a want of sufficient diligence on his part that he will be considered negligent or at fault.

We do not think this record places him in that attitude. Because appellant has been deprived of a statement of facts without negligence or laches on his part, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*