ERNEST SHEPHERD v. THE STATE.

No. 2929.    Decided February 17, 1904.

**Statement of Facts—Laches of Judge and District Attorney.**

Where defendant's counsel had made out a statement of facts and endeavored to get the district attorney in the presence of the court to agree to it, who refused, and thereupon procured a twenty-day order to file same and repeatedly importuned the district attorney and the judge to prepare and file one, who both promised but failed to do so, and the judge retained appellant's statement of facts during all that time, the judgment will be reversed and the cause remanded, on account of the failure of the judge to prepare and file statement of facts.

Appeal from the District Court of Harris. Tried below before Hon. J. K. P. Gillaspie.

Appeal from a conviction of assault with intent to murder; penalty, three years imprisonment in the penitentiary.

No statement is necessary.

*E. T. Branch,* for appellant, cited Trammell v. State, 1 Texas Crim. App., 121; Ruston v. State, 15 Texas Crim. App., 336.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of assault with intent to murder, and his punishment assessed at confinement in the penitentiary for a term of three years.

The record contains no statement of facts, but does contain an affidavit of appellant's counsel as to his diligence to procure a statement of facts. Appellant shows by this that he made out a statement of facts and endeavored to get the district attorney to agree to said statement during the term. The district attorney refused, in the presence of the court, to agree to the same. Appellant then procured a twenty-day order

in which to prepare and file statement of facts. The court adjourned in a day or two after the attempt to get agreed statement of facts from the district attorney as before stated. The affidavit then goes on to show that thereafter appellant's attorney spoke to the judge about said statement of facts on four or five different days in the courtroom and on the street, and also requested the district attorney to get up his statement of facts at least ten times during said January term of the court. And about the last day on which to file said statement, appellant went to the district attorney, and was then informed by him that he would fix up his statement that night and present it to the judge. On the nineteenth day after the adjournment of said December term, affiant went to the clerk's office and asked the clerk if said statement had been filed. That night affiant went to Angelina County on legal business, and upon his return, on January 21st, the day after the expiration of the time authorized by law in which to file statement of facts had expired, ascertained that no statement had been filed by the court in the case. Said affidavit further shows that the court promised to prepare and file statement of facts as soon as he was furnished a statement by the district attorney, and the court informed affiant that said statement had not been presented to him by the district attorney, from time to time as affiant would inquire of the court. It occurs to us that under the circumstances of this case appellant had done all that could be reasonably expected of him to procure statement of facts to be filed in the case; and that the failure to have such statement filed was not on his account, but was due to the laches of the judge and the district attorney. The judge, according to to the affidavit, retained appellant's statement of facts during all that time and was waiting on the district attorney to prepare and hand him his statement of facts. It occurs to us that under the circumstances the judge should have required the district attorney to perform his duty in this regard, or he should have at least, on the failure of the district attorney to make out and hand him the statement of facts, approved and filed the one given him by appellant, or have made out and filed one himself. Napier v. State, 57 S. W. Rep., 649. On account of the failure of the judge to prepare and file statement of facts, the judgment is reversed and the cause remanded.

*Reversed and remanded.*