### BILLY NELSON v. THE STATE.

No. 2781.   Decided June 1, 1904.

**Statement of Facts—Sufficient Diligence.**

Where appellant's affidavit to the effect that he presented and asked the district attorney to agree to a statement of facts and that it was declined; that he then presented the same to the district judge with the request to approve it; that the judge failed to do so or prepare one; that he requested the court to allow him twenty days after adjournment to make up the statement of facts, which was refused, is not controverted by the State in its counter affidavits, the cause will be reversed.

Appeal from the Criminal District Court of Harris. Tried below before Hon J. K. P. Gillaspie.

Appeal from a conviction of theft; penalty, three years imprisonment in the penitentiary.

No statement necessary.

*J. Vance Lewis,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for theft, the penalty assessed being three years in the penitentiary. The record does not contain a statement of facts. Accompanying this record is the affidavit of the attorney who defended appellant, explaining the absence of the testimony, and alleging sufficient diligence on his part seeking to have the evidence incorporated in the record. This affidavit is not controverted. It is stated by affiant that appellant was tried and convicted on the 16th day of April, 1904. Motion for new trial was overruled on the 26th day of the same month, and notice of appeal given. He requested the court to enter an order allowing him twenty days after the adjournment of the court in which to file statement of facts. This was refused by the court with the remark that he would not allow one moment of time after adjournment. This statement was made on April 26th, and the court adjourned on the 30th of the same month. After this refusal of the court to enter the twenty-day order, counsel at once prepared a statement of facts and submitted it to the district attorney, who after reading it refused to agree thereto; and further refused to make a statement of facts himself. The attorney's statement of facts was returned to him and given the district judge. Affiant says that after receiving the statement of facts from the district attorney, he went at once to Judge Gillaspie's home and tendered him the statement of facts and bill of exceptions, all of which occurred during the term. The judge informed him he would look over them and at once speak to Mr. Lea, the district attorney, concerning them. On the last day of the term and while the court was in session, counsel again asked the judge to approve said statement of facts, and was informed by the judge that he had left the statement of facts at his home on Texas Avenue, and would send for and look over them, and see Mr. Lea about it before court adjourned. Five days after the adjournment of the court the deputy district clerk went to the office of appellant's attorney and returned him the statement of facts unsigned by the district judge. The deputy informed counsel that the judge had instructed him to return the papers to counsel, and stated he had no order from the court to file any statement of facts in the case. It occurs to us that this is ample showing on the part of appellant through his counsel to obtain a statement of facts. The court not only refused to enter the twenty-day order provided by the legislative action, but failed and refused to sign a statement of facts or prepare one in order that appellant might have his case reviewed by this court. The district attorney also refused to sign. We fail to find any want of diligence on the part of counsel under the showing made, and because appellant was debarred from and refused a statement of the evidence on which his conviction was based, to the end that his appeal might be revised, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

June 24, 1904.

DAVIDSON, Presiding Judge.—On a former day of the term the judgment was reversed because appellant was refused a statement of facts, through no oversight or want of diligence on his part. The facts upon which the judgment was predicated are stated in the original opinion, to which reference is here made. The State has filed a motion for rehearing, appending the affidavits of the district judge, district attorney, clerk of the criminal district court, and one of his deputies. The district judge in his affidavit says: "That a pretended statement was presented containing what purported to be the testimony of a few, but by no means all of the witnesses who testified at the trial of said cause, and of one person who did not testify; and there was no pretense of giving the evidence in full or in substantial substance; the venue not being shown therein, and some of the most material witnesses were entirely left out, their evidence wholly eliminated. The official stenographer took and had a record of the evidence elicited on the trial of said cause, but so far as advised no effort was made to get a statement of facts from him, and no request made of him therefor. * * * The reason why twenty days was not allowed to file statements of facts was because after motion for new trial was overruled there was ample time to make and file one; and the statement made by defendant's counsel in affidavit that he would not be allowed one moment, etc., is wholly false and untrue." The district attorney says, "that no statement of facts was ever presented to me for approval, by said defendant Billie Nelson, or his attorney, and I never had but one conversation with said defendant's counsel, J. Vance Lewis, after his motion for new trial had been overruled, in which said J. Vance Lewis asked me to approve what he called a statement of facts, but which in reality was only a pretended statement of facts, in that it did not contain the testimony of all the witnesses; and that the statement presented to me was a garbled and untrue statement, and in nowise reflected the facts proven." This affidavit further states that he told appellant's counsel to get a stenographic statement of the facts and he would approve it, but that he never saw anything more of said counsel. The stenographer says that he was not applied to for a statement of facts. We do not regard the affidavits of the clerk and his deputy of sufficient importance to enter into a discussion of the motion. It will be noticed that these affidavits do not controvert the statement of appellant's counsel that he applied for and was refused the twenty days after the adjournment of the court; nor does it controvert the further statement of counsel, but substantiates the statement to the effect that the district attorney refused to agree to the statement of facts presented by appellant's counsel; and the district judge states that he refused to approve the same because it was not a complete

statement of facts, nor a true one.   Nor is appellant's counsel's affidavit controverted in regard to that portion of it wherein he states that the district judge received the statement of facts after the district attorney and appellant's counsel had disagreed; and they fully substantiate him that the court did not make up and file a statement of facts, and that he had possession of the statement of facts after the disagreement of the district attorney.   When the district attorney disagreed to the statement of facts and it was handed to the district judge, he should have either made up a statement of facts or have allowed twenty days after the adjournment in which an agreement might be reached, to the end that defendant could have secured the testimony for his appeal. It is evident that the district attorney believed the statement of facts not a correct one, else he would not have been justified in refusing to approve it; and it is just such a state of case as this that throws the onus upon the district judge of certifying a statement of facts.   We do not believe that the affidavits filed in support of the motion for rehearing materially change the matter as presented by the affidavit of appellant's counsel, for it shows no issue with him as to the fact that he presented and asked an agreement from the district attorney, which was declined; that he presented it to the district judge with the request that he approve his statement of facts; that on the last day of the term he requested the court again to do so; nor does it controvert, but sustains appellant's counsel in regard to the refusal of the twenty-day order in which to make up said statement of facts.   We see no reason for changing our opinion heretofore rendered, and the motion for rehearing is accordingly overruled.

*Overruled.*