## HENRIETTA JACKSON v. THE STATE.

### No. 3209. Decided February 8, 1905.

#### Assault With Intent to Murder—Statement of Facts.

Where there is no material conflict between the affidavits of the State and appellant as to the matter of diligence used by her in preparing and presenting her statement of facts, and the questiton was whether she wanted one or was relying on a question of law in her appeal; still, where according to the affidavit of both sides, she was making an effort to procure a statement of facts, prepared and presented it to the judge on two occasions, etc., this evidently manifested her desire to have such statement, and under the circumstances she was deprived of it by no fault of her own, which was reversible error.

Appeal from the District Court of Dallas. Tried below before Hon. E. B. Muse.

Appeal from a conviction of assault with intent to murder; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Thomas & Spellman,* for appellant.—1. Appellant having used due diligence was entitled to statement of facts duly authenticated in the record of this cause, having done all in her power through her counsel to have such statement incorporated in the record and a failure to have same done, being no fault of hers, she is entitled to have her statement considered by the court in the determination of this appeal, or if not so considered, then she is entitled to a reversal of this cause. Ruston v. State, 15 Texas Crim. App., 336; Johnson v. State, 16 Texas Crim. App., 372; Bryans v. State, 29 Texas Crim. App., 247; Martin v. State, 16 S. W. Rep., 749.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of assault with intent to murder, and her punishment assessed at confinement in the penitentiary for a term of three years; hence this appeal.

This case comes up without any statement of facts approved by the trial judge, though there are two statements in the record, both filed long after the expiration of the term of the court. A number of affidavits are filed pro and con on the question of diligence, as to preparing and filing statement of facts. We gather from these affidavits (and we believe in these respects the affidavits for State and defendant

are in agreement), that the motion for new trial was overruled and some three days before the adjournment of the court. Appellant's counsel had his statement of facts prepared, and presented to the court during the term informing him that he could not agree with the county attorney on the statement of facts, and requested the court to take his statement of facts, and either approve the same or prepare one himself and approve and file it. Appellant's counsel states he left the statement of facts with the judge. However, affidavits on the part of the State indicate that it was not left with the judge, but taken back by appellant's counsel. The court proposed to give appellant twenty days after the adjournment of the term. Appellant's counsel stated he did not desire the twenty days, but wanted the statement of facts filed during the term. The court refused to do this. On the 14th day after the adjournment, both the State and the defendant agreed that the judge was approached again by appellant's counsel with his statement of facts, desiring that the court approve it; that he could not agree with State's counsel. The court declined to approve the statement, stating his stenographer was at the bedside of his sick wife, and as soon as practicable he would have the stenographic report of the case, and file it as a statement of facts. Appellant's counsel, Messrs. Thomas & Spellman, make affidavit that they called on the judge on the last day of the twenty days allowed them by the court, with the statement of facts, and insisted on his approving and filing the same or preparing one of his own. This the judge denies, stating that when they called on him it must have been after the expiration of the twenty days, and he may have told them then it was too late. A number of affidavits are filed by the State, showing that appellant's counsel stated a number of times that they did not care for the statement of facts, that they were taking the case up on a question of law. Appellant's counsel denied this, stating that what they stated was, that they were not particular what the statement of facts contained, but wanted a statement of facts; that they relied on a question of law to reverse the case. We have examined appellant's motion for new trial, and from that it appears that his main contention is, that there was no evidence showing that the knife with which appellant cut prosecutor was a deadly weapon; and under the proof they insisted that the court should have charged article 717, Penal Code. This relates to the character of weapon in connection with the intent of the party; and of course a charge on this subject is addressed to the evidence, and a question of law could only arise from the record evidence in the case. As to the matter of diligence, we do not believe there is any material conflict between the affidavits on file. While it may be true that appellant's counsel stated he did not care about the statement of facts, he was relying on a question of law, still, according to the affidavits of both sides, he was making an effort to procure a statement of facts, prepared such statement and presented it to the judge on two occasions; even desired that the judge approve such statement before the adjournment of the court, not asking

for an order allowing twenty days, but which the judge appears to have entered on his own motion. The judge states that he came to him once afterwards to get the statement of facts. This evidently manifested his desire to have such statement. An examination of the two statements of facts in the record show that both are short, and there is no material difference between them. We believe the judge could have easily reviewed the statements within an hour, and have either approved one or the other, or prepared one of his own. Under the circumstances we believe appellant was deprived of a statement of facts without any fault of his own, and the case should be reversed on this account. Napier v. State, 57 S. W. Rep., 649; Shepherd v. State, 79 S. W. Rep., 316; Nelson v. State, 81 S. W. Rep., 744. The judgment is reversed and the cause remanded

*Reversed and remanded.* ·

Davidson, Presiding Judge, absent.