## J. A. HAAK v. THE STATE.

No. 821.   Decided November 23, 1910.

**Slander—Statement of Facts—Practice on Appeal.**

   Where it developed from the record upon appeal that appellant had without his fault been deprived of a statement of facts and bills of exception in his cause, which were indispensable to a proper disposition of it, the same must be reversed and remanded. Following Sara v. State, 22 Texas Crim. App., 639, and other cases.

   Appeal from the County Court of Eastland.   Tried below before the Hon. E. A. Hill.

   Appeal from a conviction of slander of a female; penalty, a fine of $100.

   The opinion states the case.

   *R. L. Rust,* for appellant.—Cited cases in opinion.

   *John A. Mobley,* Assistant Attorney-General; *Allan D. Dabney,* County Attorney, and *D. G. Hunt,* for the State.

   RAMSEY, JUDGE.—This appeal is prosecuted from a conviction for slander obtained in the County Court of Eastland County at the September term, 1909, thereof, wherein appellant's punishment was assessed at a fine of $100.

   There are a number of questions raised on the appeal which can not be considered in the absence of a statement of facts or bills of exception.   There is filed with us an affidavit by Mr. R. L. Rust, to the effect in substance that he was counsel for appellant in the court below, and that after the overruling of his motion for a new trial on October 19, 1909, the term of court at which he was convicted adjourned on October 21, 1909, and that twenty days after the adjournment of the court were allowed in which to prepare and file a statement of facts and bills of exception; that on or about October 27, 1909, he prepared and delivered to Mr. D. G. Hunt, who was private counsel employed to prosecute in the case, and the county attorney, A. D. Dabney, who with Mr. Hunt, in fact, represented the State in the cause, a statement of facts and bills of exception in the case with the request that they advise him at an early date whether they would agree on said statement of facts; that on or about the 6th day of November, 1909, the said D. G. Hunt returned the statement of facts and bills of exception to him refusing to agree to same, but did not give any reason why they would not agree on said statement of facts and bills of exception, and that thereupon he went immediately to the office of Hon. E. A. Hill, county judge, who presided at the trial of said cause, and gave to him said statement of facts and bills of exception and requested that he approve the same and file within the time required by law, or if

he thought it not a true statement of facts and bills of exception as detailed before the jury to prepare a statement of facts, approve same and file with the clerk, and that Judge Hill replied, "All right." There is also filed with us the following certificate or statement from Judge Hill: "In the above numbered and entitled cause I certify that R. L. Rust, attorney for the defendant, presented to me his statement of facts and bills of exception at a date within the time required by law and the order of the County Court in said cause. I, not agreeing that same was a complete statement of the facts adduced on the trial, did not approve them. Given under my hand and seal of office at Eastland this November 5, 1910. E. A. Hill, County Judge, Eastland Co. Tx." It will be noticed that Judge Hill's certificate does not state that he agreed to file a statement of facts, nor does he deny that he had used to counsel the language attributed to him. His statement is only to the effect that, not agreeing that the statement of facts was correct, he did not approve the same. In the absence of any contradiction, we think this is a sufficient showing to clearly indicate and establish the fact that appellant had, without his fault, been deprived of a statement of facts and bills of exception in his cause, which are indispensable to a proper disposition of it. It is well settled in this State that where in a criminal case the appellant, without fault of himself, or counsel, has been deprived of a statement of facts and bills of exception, but on account of causes beyond their control had been deprived of same, that a judgment of conviction will, for this ground, be set aside. Sara v. State, 22 Texas Crim. App., 639; Henderson v. State, 20 Texas Crim. App., 304; Bigham v. State, 36 Texas Crim. Rep., 453; Anginano v. State, 57 S. W. Rep., 816; Davis v. State, 53 S. W. Rep., 638; Napier v. State, 57 S. W. Rep., 649; Nelson v. State, 46 Texas Crim. Rep., 490, 81 S. W. Rep., 744; Shepherd v. State, 46 Texas Crim. Rep., 200, 9 Ct. Rep., 899.

For the reason that appellant has been deprived of a fair hearing on his appeal by reason of his inability to obtain a statement of facts and bills of exception, it is ordered that the judgment of conviction be and the same is hereby reversed and the cause remanded.

*Reversed and remanded.*