Ben Diggs v. The State.

No. 1365. Decided November 8, 1911.

Rehearing denied December 6, 1911.

**1.—Intimidation—Statement of Facts.**

Where the statement of facts and bills of exception were not filed within twenty days from adjournment of the County Court, they can not be considered on appeal.

**2.—Same—Indictment—Precedent.**

Where, upon trial of intimidation, the indictment followed precedent, there was no error, and it was not necessary to set out the threatening words or specific acts of violence. Following Luter v. State, 32 Texas Crim. Rep., 69, and other cases.

**3.—Same—Bill of Exceptions.**

Presenting bills of exceptions to the judge is not a filing thereof, they must be presented to the clerk for filing within proper time.

**4.—Same—Statement of Facts.**

Where it appeared on appeal that appellant did present a statement of facts to the proper officials at the proper time, and the same was not approved and filed by no fault of appellant, the statement will be considered.

**5.—Same—Charge of Court—Requested Charges.**

Where, upon trial of intimidation, the court fairly submitted the issues, and the issues submitted in the defendant's requested charges were not raised by the evidence, and the conviction was sustained by the evidence, there was no error.

Appeal from the County Court of Hall. Tried below before the Hon. Jno. D. Bird.

Appeal from a conviction of intimidation; penalty, a fine of $25.

The opinion states the case.

*Stovall Johnson*, for appellant.—On question of insufficiency of indictment: Vaughan v. State, 9 Texas Crim. App., 563; Huntsman v. State, 12 Texas Crim. App., 619.

On question of insufficiency of evidence: Snow v. State, 41 Texas, 596; Ranch v. State, 5 Texas Crim. App., 363.

*C. E. Lane*, Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant prosecutes this appeal from a conviction in the County Court of Hall County, wherein he was charged with intimidation under article 600 of the Penal Code.

The assistant attorney-general has filed a motion asking that the statement of facts and bills of exception be stricken from the record. As neither the bills of exception nor the statement of facts were filed within twenty days from the date of adjournment of the term, and this being a case tried in the County Court, the motion is sustained. Acts of first called session of Thirtieth Legislature, chapter 7, page 446, session acts.

There is a motion to quash the indictment in the record, but inasmuch as the indictment charges an offense under article 600 of the Penal Code, and is in exact conformance with the form drawn by Judge White, a former member of this court, and published in White's Penal Code (see sec. 988), the court did not err in overruling the motion.

The court in his charge submitted the offense charged in the indictment, and inasmuch as there is no statement of facts we can consider, this court presumes that the court charged the law, and all the law applicable to the facts introduced in evidence.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### December 6, 1911.

HARPER, JUDGE.—Appellant has filed a motion for rehearing in this case, in which he earnestly insists that the court erred in holding that the indictment in this cause was sufficient. The indictment reads:

"In the Name and by the Authority of the State of Texas:

"The grand jurors, for the county of Hall, State aforesaid, duly organized as such at the December term, A. D., 1910, of the District Court for said county, upon their oaths in said court, present that Ben Diggs, on or about the 25th day of July, A. D., one thousand nine hundred and ten, and anterior to the presentment of this indictment, in the county of Hall and State of Texas, did then and there unlawfully by threatening words, acts of violence and intimidation, attempt to prevent, and did prevent Oscar Brewington from engaging and remaining in, and performing the duties of a lawful employment, that is, the employment of cultivating a cotton crop, against the peace and dignity of the State."

Appellant did not file a motion to quash the indictment, nor in arrest of judgment, but in his motion for new trial, we find the following ground: "Comes now the defendant and moves the court to set aside the verdict herein rendered against him on the 25th day of April, 1911, and grant him a new trial for the following reasons: 1st. Because the indictment in this cause failed to state what the threatening words that defendant used or was charged with using and that constituted the offense. (B) Because the acts of violence and intimidation were not set forth in the indictment, but the indictment simply stated that the defendant did, by acts of violence, and intimidation, prevent Oscar Brewington from remaining and performing," etc. The indictment in this case follows the opinion of this court in the case of Luter v. State, 32 Texas Crim. Rep., 69, and it was not necessary to set out the threatening words, nor state the specific act of violence. Buie v. State, 1 Texas Crim. App., 58. In the case of McFain v. State, 41 Texas, 385, Chief Justice Roberts held:

"It is objected to the indictment that the words constituting the alleged threat are not set out. The indictment charges that the defendant 'did then and there unlawfully, feloniously, and seriously threaten to take the life of B. J. Harvey' and of others named. This substantially in the language of the statute creating the offense. (Pas. Dig., art. 2864.) That is, as it has often been held, sufficient when the statute sets out in the definition the specific facts constituting the offense, and does not define or describe the offense by the use of generic terms. The statute in this case presents two distinct facts, which concurring constitute the offense, one of which is the act of threatening to take life, and the other is the then existing serious intention entertained to execute it. A threat to take life is a definite single act, capable, it is true, of being performed in different ways by the use of different words, just as in the case of an assault. An assault is the unlawful attempt to commit a battery. The act involved in its commission may be performed in various ways and by a great diversity of means and instruments. Still, however variant the modes or means of performing the act, it is single and definite, and, therefore, it is not required that the particular mode or means in any case shall be set out. So, in the same sense, a threat to take life is

a single definite act, although it may be performed by the use of a great variety in the combination of words employed for the purpose."

The sufficiency of an indictment of this character is discussed in Long v. State, 10 Texas Crim. App., 186, by Presiding Judge White, and more specific allegations than are contained in this indictment are held unnecessary. See also Foreman v. State, 31 Texas Crim. Rep., 477; Parsons v. State, 33 Texas Crim. Rep., 540; Thompson v. State, 16 Texas Crim. App., 159; Longley v. State, 43 Texas 490. The indictment in this case sets out the lawful employment, and it is not necessary to allege the means used more specifically than "by threatening words, acts of violence and intimidation," the person was prevented from pursuing his lawful employment.

Appellant also insists we should consider his bills of exception herein filed. The bills show they were approved on May 5th by the county judge, yet they were not filed with the clerk until the 30th day of May, 1911, more than twenty days subsequent to the adjournment of court. In Riojas v. State, 36 Texas Crim. Rep., 182, it is held:

"Appellant presents to this court a bill of exceptions to the admission of certain evidence, signed and approved by the judge and filed after the expiration of the term. Accompanying the bill is the following explanation by the judge: 'This bill of exceptions was handed me within the time prescribed by law, and during the term of court at which the case was tried, but was in some manner misplaced, and it is a fact that the exception to the admission of the testimony was reserved by the defendant, through his counsel, at the time of the admission of the same; and the clerk of the District Court of Atascosa County is here now ordered to file the same as part of the record in this case, and transcribe same, making a certified copy of same, and all indorsements thereon, and forward same to Austin as a part of the transcript in said cause.' This bill can not be considered. While it seemingly was neglect on the part of the judge not to approve and file the bill of exceptions, it was the duty of counsel to follow up his bill, and see that it was approved by the judge during the term, and filed with the clerk. This is statutory. See George v. State, 25 Texas Crim. App., 229; Exon v. State, 33 Texas Crim. Rep., 461."

Thus it is seen that presenting the bills to the county judge is not a filing thereof, as contended by appellant, but he must see that the bills are acted on and presented to the clerk for filing within the time permitted by law, and the bills in this case, under the decisions of this court, can not be considered by us.

A different question is presented, however, in regard to the statement of facts. It is made to appear that appellant, within the time permitted by law, presented to the county judge a statement of facts, he and the county attorney being unable to agree. It further appears that the county judge made out a statement of facts, stating: "The parties having failed to agree to a statement of facts in the above entitled and numbered cause, and having submitted to me their re-

spective statements, I have, from my own knowledge, and with the aid of such statements, made out the foregoing statement, which I certify to be a correct statement of all the facts proven on the trial of said cause, and here now sign the same and order it to be filed by the clerk as a part of the record in this cause." This is dated May 5, 1911. Why it was not filed until May 30th, is not made to appear. But as appellant, when he had failed to secure an agreed statement of facts, presented to the county judge a statement of facts within the time permitted by law, it then became the duty of the judge to prepare and file a statement of facts. As it appears that appellant did present a statement of facts to the judge, he is entitled to have the statement of facts considered in this case; however, this does not authorize us to consider the bills of exception.

The evidence would show that defendant made a contract with the prosecuting witness, Brewington, whereby Brewington was to work through the crop and was to have the product of a certain eighteen acres of cotton to be raised on the land of defendant as pay for his labor. It appears that he did work in the crop until in July, when defendant went to the field and told Brewington he would give him just thirty minutes to get out of the field, talking in an angry manner. Defendant went to his house and got a shotgun and started back to where Brewington was at work, saying, "By God, I will kill him." Warren Watson saw defendant and took the gun away from him. Brewington got out of the field and stayed out, receiving no part of the crop, when this prosecution was begun by indictment in December of last year.

The court did not err in refusing to give the special charge requested by defendant, wherein it is stated, "if defendant had a contract with Brewington that Brewington should work all through the crop according to the direction of defendant, then the defendant had a right to insist that Brewington should comply with the contract," as the evidence does not suggest that Brewington was refusing to work in accordance with the direction of defendant. In the absence of evidence raising the issue, the court properly refused to submit it.

Neither did the court err in refusing to instruct the jury at defendant's request: "You are not to consider any act or circumstances told by defendant that occurred 11th day of July, 1910." If the defendant testified in this case, the record does not disclose it, consequently there was no evidence calling for this charge. In a misdemeanor case, if the court submits the issues made by the evidence, though same is not done as specifically as one would desire, yet in the absence of request for a specific presentation of the issues, such matters will not be cause for reversal of a case. The court fairly submitted the issues made by the testimony, and the jury found that Brewington was intimidated to that extent as to prevent him from continuing longer to work in the crop, and taking into consideration that defendant ordered him off the premises, went to the house and

secured a shotgun, saying, "By God, I will kill him,". in the absence of some showing that Brewington was guilty of some wrong doing, we can not say that the jury was not authorized so to do. If the statement of facts raised an issue that Brewington was in the wrong, a different question might be presented, but the record before us discloses no wrongful act on his part.

The motion for rehearing is overruled.

*Overruled.*