### L. H. St. Clair v. The State.

No. 2635.　Decided October 15, 1913.

Rehearing denied November 12, 1913.

**1.—Aggravated Assault—Statement of Facts—Transcript.**

　　A statement of facts which was neither signed nor filed in the court below should not be copied in the transcript, and can not be considered on appeal.

**2.—Same—Statement of Facts—Practice on Appeal.**

In misdemeanor cases in the County Court, unless the court allows twenty days or other number of days after adjournment for the purpose of filing statement of facts and bills of exceptions, the same can not be considered on appeal, unless filed during term time. Following Hamilton v. State, 65 Texas Crim. Rep., 508.

**3.—Same—Bills of Exception—Practice on Appeal—Statement of Facts.**

Where the record showed on appeal that the appellant himself through his attorney alone is responsible for not getting his statement of facts in this case and bills of exception properly approved and filed, the same can not be considered on appeal. Following Douglas v. State, 62 Texas Crim. Rep., 599, and other cases.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of aggravated assault; penalty, a fine of $500 and twelve months confinement in the county jail.

The opinion states the case.

*P. J. Hemphill,* for appellant.—On question of procuring statement of facts and bills of exception: Napier v. State, 57 S. W. Rep., 649; Anginano v. State, 57 S. W. Rep., 816.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—From a conviction for an aggravated assault with the punishment fixed at a fine of $500 and twelve months in the county jail, appellant has appealed.

There is no statement of facts. The clerk has copied in the record what he has indexed as a statement of facts, but he states that it was neither signed nor filed in the court below. He, therefore, should not have copied it in the transcript.

Since this cause was submitted the appellant's attorney has filed an affidavit in which he shows that the case was tried on February 3, 1913, and the verdict and judgment then rendered; that on February 8 he filed his amended motion for new trial which was on the same day overruled; that on February 10, he prepared a statement of facts and on the same day delivered it to the county attorney, who represented the State, and requested him to sign and approve it; that on February 17, the county attorney returned to him this statement telling him he could not approve it and would himself prepare a statement and present it to affiant for his approval and then deliver it to the judge. There is no showing whatever that the appellant presented this statement or any other statement of facts to the judge for his action. He does show that at the same time he prepared the statement of facts and gave it to the State's attorney that he prepared three bills of exceptions and turned them over to the judge, but he does not show that he ever at any time afterwards attempted to have the judge approve and file his bills of exceptions or did anything further thereabouts. There is

copied in the record what are denominated three bills of exceptions. Two of them are not signed by the judge, but one is; they all show to have been filed on March 19, 1913.

The record shows that the court in which appellant was tried convened on January 6 and adjourned to March 1, 1913. The record does show that appellant did not even make a motion to have the court to allow twenty days after adjournment to file either bills of exceptions or statement of facts. Under our law, in County Court misdemeanor cases, unless the court allows twenty or other number of days after adjournment for this purpose, neither bills of exceptions nor statement· of facts can be considered, unless filed during term time. Hamilton v. State, 65 Texas Crim. Rep., 508, 145 S. W. Rep., 348, and cases there cited. It is needless to cite other cases on this point.

The law further is that it is the duty of the appellant to follow up his bills of exceptions and have the judge to approve and sign them, and himself file them within the time prescribed by law. Merely presenting them to the judge does not relieve him from this duty. Diggs v. State, 64 Texas Crim. Rep., 122, 141 S. W. Rep., 100, and cases cited. Clearly the appellant makes no such showing as would entitle him to have a statement of facts or his case reversed because he did not get a statement of facts. The showing made shows that appellant himself, through his attorney alone, is responsible for not getting his statement of facts in this case. Douglas v. State, 62 Texas Crim. Rep., 599; Riojas v. State, 36 Texas Crim. Rep., 182. A long list of cases so holding could be collated, but we deem it unnecessary. There is no question raised which can be considered in the absence of a statement of facts. The judgment is, therefore, affirmed.

*Affirmed.*

[Rehearing denied November 12, 1913.—Reporter.]