### B. C. WHEAT v. THE STATE.

No. 3606.    Decided October 13, 1915.

**Carrying Pistol—Statement of Facts—Reversible Error.**

Where, upon appeal from unlawfully carrying a pistol, it was shown that appellant used all the diligence that the law required of him to obtain a statement of facts, and that he was deprived thereof without any fault on his part, the judgment must be reversed and the cause remanded. Following Haak v. State, 60 Texas Crim. Rep., 366.

Appeal from the County Court of Angelina. Tried below before the Hon. John F. Robinson.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*I. D. Fairchild,* for appellant.—On question of judge's failure to approve statement of facts: Sheppard v. State, 79 S. W. Rep., 316; King v. State, 129 S. W. Rep., 626; Haak v. State, 132 S. W. Rep., 358.

*C. C. McDonald,* Assistant Attorney General, for the State.

ON REHEARING.

October 13, 1915.

PRENDERGAST, PRESIDING JUDGE.—In the original consideration of this case it was with considerable hesitancy we concluded to consider and did at all consider the statement of facts filed herein.

Appellant, in his motion for rehearing, earnestly attacks the statement of facts as incorrect which was at such a late date prepared by the judge and at his direction some time after the case had been appealed and the transcript on file here, had a certified copy thereof sent up.

The case was tried March 10, 1915. It was properly appealed here and the transcript therein filed in this court on May 18, 1915. It then contained no statement of facts. It seems that the county judge's attention was later called thereto and on June 9th, fully ninety days after the case was tried, he, for the first time, then prepared and filed what he certifies to be the evidence on the trial. He had a certified copy thereof made and sent to this court, which was filed herein on June 14th. It has been the uniform holding of this court that when an appellant uses all diligence to obtain a statement of facts and is deprived thereof without his fault that, of itself, entitles him to a reversal of the case. Haak v. State, 60 Texas Crim. Rep., 366, 132 S. W. Rep., 358, where many of the earlier cases are collated. This has been the holding of the court even down to the present time. Upon a reconsideration of the matter we think it is with certainty shown that appellant used all the diligence that the law required of him to obtain a statement of facts, and that he was deprived thereof without any fault on his part. The judgment of affirmance and original opinion is, therefore, set aside, a rehearing granted and the judgment is ordered reversed and the cause remanded, and the original opinion is withdrawn.

*Reversed and remanded.*