## LEE VANSICKLE v. THE STATE

### No. 4229. Decided October 18, 1916.

#### 1.—Murder—Manslaughter—Statement of Facts—Rule Stated.

Ordinarily, no statement of facts will be considered by this Court, unless properly approved and signed by some judge authorized to do so; in other words, the attorneys of the parties themselves can not by agreement dispense with the approval and signature of such judge; and where the appellant contended that the statement of facts, prepared by the judge should be stricken out and the cause be reversed because he was deprived of a statement of facts prepared by his attorneys, but the record showed that he had not used due diligence in preparing one, and presenting it to the judge, his contention is not tenable. Distinguishing Wheat v. State, 181 S. W. Rep., 455; following Sorrell v. State, 186 S. W. Rep., 336.

#### 2.—Same—Rule Stated—Statement of Facts—Bills of Exception.

If appellant is deprived of either his bills of exception or his statement of facts, by the opposite side or the trial judge, without any fault on his part, and when he has used all the diligence necessary on his part to procure such document, he is entitled to a reversal, but the fault for failing to do so must not lie at his door.

#### 3.—Same—Bills of Exception—Want of Diligence.

Where it appeared from the record on appeal that the appellant failed to exhaust the means provided by law to obtain his bills of exception and statement of facts, and that the delay and negligence in not having them presented to the judge before he did, does not entitle him to reversal, there was no reversible error.

#### 4.—Same—Statement of Facts—Reasonable Time—Rule Stated.

It is well settled that when the duty devolves upon the judge to prepare a statement of facts he shall have a reasonable time to do so, and if he does so within such reasonable time, this court will consider the same, even though filed after ninety days, and where appellant took eighty-eight days of the ninety days to prepare and submit to the judge the statement of facts, and it was practically impossible within the other two days to have prepared the statement of facts, which he did in about two weeks thereafter, the same will be considered by this court.

#### 5.—Same—Change of Venue—Discretion of Court.

Where defendant sought a change of venue on the ground of prejudice, etc., which was contested by the State, and overruled by the court without abuse of his discretion, there was no reversible error.

#### 6.—Same—Continuance—Want of Diligence.

Where defendant's application for a continuance showed upon its face a want of diligence, and besides, at least a part of what defendant claims the alleged absent witnesses would testify to, was controverted by his own testimony, there was no error in overruling the application.

#### 7.—Same—Self-defense—Charge of Court.

Where, upon trial of murder, it was doubtful that the testimony raised the issue of self-defense, but the court, nevertheless, fully instructed thereon, and the evidence sustained the conviction, there was no reversible error.

#### 8.—Same—Threats—Requested Charge.

Where the testimony did not call for a charge on threats by deceased, and the requested charge was not the law, and the matter was not properly pre-

sented here, there is no reversible error. Following Ryan v. State, 64 Texas Crim. Rep., 628, and other cases.

Appeal from the District Court of Potter. Tried below before the Hon. Hugh L. Umphres.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*A. M. Mood* and *Veale & Lumpkins,* for appellant.—On question of change of venue: Randel v. State, 28 S. W. Rep., 953; Meyers v. State, 46 id., 817; Barnes v. State, 59 id., 882; Cortez v. State, 69 id., 536; Alarcon v. State, 83 id., 1115; Coffman v. State, 136 id., 779; Sorrell v. State, 169 id., 299.

On question of statement of facts and bills of exception: Lewis v. State, 180 S. W. Rep., 248; Eads v. State, 170 id., 145; Merritt v. State, 39 Texas Crim. Rep., 70; Thompson v. State, 93 S. W. Rep., 111; Jay v. State, 109 id., 131; Wheat v. State, 181 S. W. Rep., 455; Gonzales v. State, 175 id., 706.

On question of threats: Chapman v. State, 57 S. W. Rep., 965; Branch, Criminal Law, sec. 482, and cases supra.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of change of venue: Mooney v. State, 176 S. W. Rep., 52; Barnett v. State, 176 id., 580; Myers v. State, 177 id., 1167.

PRENDERGAST, Presiding Judge.—Under an indictment and trial for murder appellant was convicted of manslaughter and his punishment assessed at five years in the penitentiary.

When appellant was first arrested he sued out a habeas corpus seeking to be admitted to bail. The lower court remanded him without bail, from which he appealed to this court, this court affirming the judgment of the lower court. (185 S. W. Rep., 998.)

The trial began on Monday, May 22, and was concluded the day before the court adjourned on the 27th. His motion for a new trial was overruled on the 27th, and by proper order he was given ninety days to prepare and file bills of exceptions and a statement of facts. A regular court stenographer took down in shorthand the proceedings of the trial. In about ten days after the adjournment, appellant's attorneys applied to the stenographer for a full report of the trial and testimony, telling him that the only property appellant had to pay his fees with was his equity in certain stock which were mortgaged. His attorneys at the time did not know nor state to the stenographer that there was a second mortgage on this stock. There was, however, and by proper suit this mortgage was foreclosed, the property sold and appellant had no equity at all in the proceeds thereof. When all this occurred is not stated, but must have been very soon after the trial. When this foreclosure and sale occurred, the appellant's attorney

notified the stenographer, and then told him that appellant would make the pauper's oath and in that way require him to prepare the report. The exact time when this occurred is not stated, but it must have been some time before July 7th. At that time the stenographer had done nothing towards the preparation of the report. Appellant and his attorneys knew it. The attorneys then told him, however, in substance, that appellant had conveyed to them his equity in a tract of land in New Mexico for their fee, and rather than require the stenographer to make the report without pay, they told him that they would pay him out of the proceeds of the New Mexico land when they made a sale, but that they would pay him only out of the proceeds. They assumed no personal liability to him for his fees. Really, it is not shown that appellant had any such equity in the New Mexico land out of which the stenographer would have gotten any pay. But it seems the stenographer then agreed to make out the report but did nothing toward it. On July 7th appellant made said pauper's affidavit, but he did not file it until July 29th, at which time they also made a motion for the court to compel the stenographer to make said report. Still they did not call the court's attention to this nor have the court to act upon it at all until August 19th, at which time the court correctly refused to require the stenographer to make such report under such affidavit in accordance with the decision of this court. (Jackson v. State, 156 S. W. Rep., 1183.) Then, and not till then, did appellant or his attorneys do anything in the way of themselves preparing a statement of facts or bills of exceptions. Thereupon, however, they did, from memory, undertake to prepare such statement. This was just six days before the ninety days would expire. They then prepared, in forty odd typewritten pages, what they claimed to be a statement of the facts, and it seems they also then prepared some claimed bills of exceptions. They submitted their statement to the district attorney on August 23rd, who expressly declined to agree to it, because he did not at that time remember all the material facts and it was then impossible to obtain any question and answer report of the trial to ascertain whether it was full enough or not. They thereupon presented in this shape the statement to the trial judge, who also expressly refused to approve it, stating that he would "prepare and file a statement of facts as soon as possible." The district judge then did prepare, properly certify as correct and file on September 13th, the statement of facts, consisting of 110 typewritten pages. Appellant also shows that at the time he presented said statement to the trial judge, he also submitted to him for approval what he calls his bill of exceptions No. 6, which had theretofore been submitted to the district attorney, who had marked his "O. K." thereon with his initials, and they asked the court to either approve or disapprove the same, the court stating he would do so when he got time, and on the next day they made the same request, and the judge failed to either approve or dis-

approve it and that no such bill has been filed with any action thereon by him.

Upon this state of fact, appellant contends that this court should not consider the statement of facts prepared by the judge but should strike it out and reverse this case because he was deprivevd of a statement of facts. He relies among other cases on Wheat v. State, 77 Texas Crim. Rep., 429, 181 S. W. Rep., 455. We think the Wheat case does not sustain him. In that case we showed the case was tried on March 10th, the transcript filed in this court May 18th without any statement of facts at all; that when the judge's attention was called to this on June 9th he then prepared and filed what he certified to be the evidence on the trial and had a copy of this himself then sent up and filed in this court on June 14th. As shown, that was much longer than even ninety days, when only twenty days was allowed under the law and order. It was not in the record at all as a statement of facts is required to be in misdemeanor appeals, and the showing there was, as we stated: "It is with certainty shown that appellant used all the diligence the law required of him to obtain a statement of facts, and he was deprivved thereof without any fault on his part," and under the peculiar circumstances and facts of that case we reversed the cause.

In several cases comparatively recent we have carefully investigated and reviewed the statutes and decisions on such questions as this and have had occasion to state some of the rules applicable to the subject. Among them are these:

Ordinarily no statement of facts or bills can or will be considered by this court unless properly approved and signed by some judge authorized to do so; in other words, the attorneys or the parties themselves can not by agreement dispense with the approval and signature of some judge authorized to act in such matters. Sec. 596, 1 Branch's Ann. P. C., p. 304; Sorrell v. State, 79 Texas Crim. Rep., 437, 186 S. W. Rep., 336. Under this rule and the statute and the authorities, we can not consider the said statement prepared by the appellant, as he contends we should.

Another rule is, that if an appellant is deprived of either his bills or his statement by the opposite side or the trial judge, without any fault on his part, and when he has used all the diligence necessary on his part to procure such documents, he is entitled to a reversal; but, as stated, he must use all diligence necessary to procure these documents, and the fault for failing to procure them must not lie at his door. If he fails and the fault is his or his attorney's, then he is not entitled to a reversal, even though he gets neither bills of exceptions nor a statement of facts, nor both. And, as otherwise expressed: If the failure to have a statement of facts or bills filed in time is due to the neglect of defendant, or if he fails to show diligence, or fails to exhaust the means provided by law to obtain these documents, they will not be considered; nor in such event will the judgment be reversed for

failure to obtain them. Sec. 597, p. 306, 1 Branch's Ann. P. C.; Sorrell v. State, 79 Texas Crim. Rep., 437, 186 S. W. Rep., 336. In the Sorrell case, above cited, p. 344, we carefully collated and cited a large number of cases wherein it was held that the delay and negligence of the appellants therein were such as would prevent a reversal, because they did not sooner present their bills and statement of facts and have them acted upon. This case presents a much stronger case on this point than any of those cited.

It is clear from the showing made herein that the appellant failed to exhaust the means provided by law to obtain his bills of exception, and that the delay and negligence in not having them presented to the judge before he did does not entitle him to a reversal.

It is also well settled that when the duty devolves upon the court to prepare a statement of facts, he shall have a reasonable time to do so, and if he does so within such reasonable time, this court will consider the same, even though filed after the ninety days provided by law. (2 Vernon's Ann. C. C. P., p. 837, note 20.) In this instance, the appellant took eighty-eight days of his ninety allowed by law to prepare and hand to the trial judge the statement of facts he did prepare and hand him. It was practically, if not physically, impossible for the judge within the other two days to have prepared the statement of facts which he did herein. He stated in his refusal to approve that presented to him by appellant: "I will prepare and file a statement of facts as soon as possible." He did prepare and file it on September 13, which under the circumstances, we think, was with all reasonable dispatch, and no doubt was filed as soon as he could file it, taking into consideration the discharge of his other official duties as well. Under the circumstances of this case and the law, we think it our duty to consider, and we have considered, the statement of facts prepared and filed by the court herein, and the appellant is not entitled to a reversal for failure to get a statement of facts or because the court's statement was filed at the time it was. It was filed in this court weeks before the cause was reached or called for submission.

Appellant, supported by two compurgators, sought a change of venue on the ground that there was so great a prejudice against him that he could not obtain a fair and impartial trial in Potter County. The district attorney properly denied and contested this and also denied the knowledge and means of knowledge of the compurgators. Appellant introduced only five witnesses on the hearing. We have carefully read their testimony and believe that it failed to establish appellant's claim. Besides, the evidence in the case, the result of the trial and the punishment assessed satisfactorily show that he was mistaken in making the claim he did for a change of venue. The rule is well settled that the action of the trial court changing, or refusing to change, the venue will not be revised on appeal unless it is made clearly to appear that such action was an abuse of the discretion confided to the trial judge and was prejudicial to the defendant. (2 Ver-

non's Ann. C. C. P., p. 342, and cases cited.) The action of the court on this point shows no error.

The court committed no error in refusing to grant him a continuance on his motion. It shows no diligence whatever to obtain the attendance of the absent witness; in fact, it affirmatively shows no diligence was used. Besides, in at least a part of what appellant claimed said witness would testify, he himself testified the direct reverse.

The court gave a fair and full charge on appellant's claimed self-defense on both real and apparent danger, although it is doubtful if the testimony raised the issue. The testimony overwhelmingly, both by all disinterested eyewitnesses and the physical facts in effect showed that appellant killed deceased, not in his self-defense, but to avenge what he claimed was insulting conduct towards his wife.

We think the testimony did not call for a charge on threats by the deceased. Appellant requested a charge on the subject, but the charge asked was not the law and should not have been given. Besides, the question is not presented in such a way as to authorize this court to review it. Ryan v. State, 64 Texas Crim. Rep., 628; Byrd v. State, 69 Texas Crim. Rep., 35, and a large number of other cases unnecessary to cite.

The judgment is affirmed.                              *Affirmed*.