BEN WIDENER V. STATE.

No. 26,527. October 28, 1953.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) December 9, 1953.

*Forrester Hancock* and *Ralph Hartman,* Waxahachie, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for possession of whiskey and wine in a dry area for the purpose of sale. The punishment (enhanced because of a previous conviction for an offense of like character) was assessed by the jury at one year in jail and a fine of $1,000.

The statement of facts was prepared and filed by the trial judge, appellant and the county attorney being unable to agree on a statement of facts within seventy-five days after notice of appeal was given.

The statement of facts so prepared by the trial judge, though not filed within ninety days after notice of appeal, is entitled to be considered. Diggs v. State, 64 Tex. Cr. R. 122, 141 S.W. 100; Van Sickle v. State, 80 Tex. Cr. Rep. 101, 188 S. W. 1006.

There are no bills of exception, formal or informal.

By the testimony of several officers, the state proved that a number of bottles of whiskey, aggregating more than a quart, were found upon the premises of appellant known as Ben Wide-

ner's Mule Barn, in the dry area. Appellant was present at the search and the search warrant was served on him. A half-pint of whiskey was found in his pocket. Two four-fifth quart bottles of wine were also found on the premises as a result of the search. The bottles of liquor were offered in evidence and it was stipulated that they contained whiskey and wine, as stated by the witnesses, and that the area was dry.

By the records of the court where the case was tried, the previous conviction alleged for the purpose of enhancing the punishment was proved and appellant was properly identified as the person so previously convicted.

Under the prima facie evidence statute, Art. 666-23a (2), the evidence is sufficient to sustain the conviction.

The judgment is affirmed.