ELVIE SMITH V. STATE

No. 28,006. February 1, 1956.

*W. D. Brown,* Quitman, for appellant.

*James L. Hartsfield,* County Attorney, and *Howard C. Douglas,* Assistant County Attorney, Quitman, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for possession of beer in a dry area for the purpose of sale; the punishment, ten days in jail.

Appellant was tried before a jury upon a plea of not guilty. He was not represented by counsel.

After the verdict he employed counsel who, on July 29, 1955, gave notice of appeal to this court.

A statement of facts was prepared by appellant's counsel on the same day and presented to the county attorney who refused to agree thereto.

The statement of facts found in the record was prepared by the trial judge and filed in the trial court on November 2, 1955.

Appellant challenges the consideration of the statement of facts on the ground that it was not filed within ninety days after notice of appeal was given, and insists that he is entitled to reversal of the conviction on the ground that he has been denied a statement of facts which can be considered by this court.

The ninety days allowed for filing the statement of facts do not apply to the statement of facts prepared by the court when the parties cannot agree. Widener v. State, 159 Tex. Cr. R. 256, 262 S.W. 2d 400; Diggs v. State, 64, Tex. Cr. R. 122, 141 S.W. 100; Vansickle v. State, 80 Tex. Cr. R. 101, 188 S.W. 1006.

Appellant was arrested by two deputy sheriffs as he came to a parked truck carrying half of a 24 can Pearl Beer carton or case with 12 cans of beer in it.

The officers went into the wooded area some 100 yards, in the direction from which appellant came, and their found four full unopened cases of Pearl Beer and a half case of beer which matched and fitted the half case appellant was carrying when arrested, the case having been cut in two with a sharp instrument.

It was shown that the area where the beer was found and where appellant was arrested was in Wood County and that said area was dry.

The jury rejected appellant's explanation that he found the half case of beer while hunting.

The evidence, viewed in the light of th presumption arising under Art. 667-25b V.A.P.C., is sufficient to sustain the jury's verdict.

The judgment is affirmed.