JESSE MCDEARMON V. STATE

No. 33,255.   April 12, 1961
Motion for Rehearing Overruled May 17, 1961

*Richard D. Bird,* Childress, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is felony theft; the punishment 2 years.

The state challenges our consideration of the statement of facts.  The same does not bear the approval of the trial judge but purports to be agreed to by the attorney representing the State and appellant's counsel.  We have concluded, however, that it falls short of meeting the requirements of Article 759a,

V.A.C.C.P., as amended. The last page thereof contains the certificate of the court reporter and a certificate for counsel, but when appellant's counsel came to sign the same, he made the following notation below his signature, "Except to part of line 14 and 15 on p. 66." When we examine page 66, we find that a line has been drawn through part of two lines, with appellant's counsel's initials only in the margin. It is apparent from the certificate that the attorney representing the State agreed to everything covered by both certificates, while appellant's counsel did not. It therefore follows that they did not agree to the same thing, and we have no statement of facts before us which we are authorized to consider.

In the absence of a statement of facts, we are unable to pass upon the question sought to be raised by the one bill of exception in the record. Fletcher v. State, 162 Tex. Cr. Rep. 100, 282 S.W. 2d 230, and cases there cited.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

McDONALD, Judge.

Appellant strenuously urges in his motion for rehearing that this court, in its opinion, has taken upon itself to invalidate a statement of facts which clearly sets out the evidence as it was tendered.

Appellant takes the position and contends that the notation made by the court reporter, being a portion that he (appellant) deleted, is no part of the statement of facts and that lines 14 and 15 on page 66 had no bearing upon the evidence that the same was offered; that such is surplusage and injected into the statement of facts by the official court reporter.

We are in no position to either weaken or bolster the facts; we can only view them as submitted to us, neither validating nor invalidating.

As stated by this court in Ex parte Denson, 165 Tex. Cr. Rep. 420, 307 S.W. 2d 952:

"It is incumbent upon the appellant to obtain the state-

ment of facts, to have the same properly approved, and to follow it up to see that it is filed as required by law."

A statement of facts must be agreed to by counsel for both parties, or approved by the trial judge, in order to be considered by this court. Baird v. State, 162 Tex. Cr. Rep. 589, 288 S.W. 2d 67.

As stated in Rodriguez v. State, 164 Tex. Cr. Rep. 377, 298 S.W. 2d 835:

"If counsel are unable to agree upon that statement of facts submitted by the court reporter but the court does find it to be accurate, he may endorse such disagreement of counsel and aproval by the court and file the same."

Remaining convinced that this cause was correctly disposed of in our original opinion, the motion for rehearing is overruled.