### HARRY ATWOOD v. THE STATE.

No. 8974.   Delivered May 27, 1925.

Rehearing denied December 2, 1925.

**1.—Possessing Intoxicating Liquor—Jury Panel—Motion to Quash.**

There was no error presented in the overruling of appellant's motion to quash the jury panel in this cause. The questions raised by him are decided adversely to his contention in the case of Hart v. State, this day decided, and in the case of McNeal v. State, decided by this court on May 20, 1925.

**2.—Same—Continuance—Properly Denied.**

Where a motion for a continuance on account of an absent witness does not show the materiality of the testimony of the absent witness, the motion should be overruled. It is well settled in this State that the application for a continuance must show, on its face, the materiality of the absent testimony. See Par. 3, Sec. 311 of Branch's Ann. P. C. for full citation of authorities on this question.

**3.—Same—Charge on Principals—Properly Submitted.**

Where the evidence of the State disclosed that appellant was acting with another in possessing for sale, the liquor in question, there was no error in the trial court submitting in his charge to the jury the law of principals. Finding no error in the record, the judgment of the trial court is affirmed.

Appeal from the District Court of Eastland County. Tried below before the Hon. Geo. L. Davenport, Judge.

Appeal from a conviction of possessing intoxicating liquor, for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the District Court of Eastland County for the unlawful possession of liquor for the purpose of sale and his punishment assessed at confinement in the penitentiary for a term of three years.

By bill of exception No. 1, appellant complains of the action of the court in overruling a motion to quash the jury panel. The questions raised in this matter are governed by the principles announced in the case of Hart v. State, this day decided, and of McNeal v. State, decided by this court on May 20, 1925, and under the authority of those cases appellant's first assignment will be overruled.

By bill No. 2, appellant complains that the court erred in overruling his first application for continuance. This application is wholly insufficient to show the materiality of the testimony expected to be given by the absent witnesses. It merely states certain facts which appellant expects to prove but wholly fails to embody anything in the motion showing or tending to show wherein said statements would be material to any issue in the case. It is well settled in this State that the application for a continuance must show on its face the materiality of the absent testimony. See Par. 3, Sec. 311 of Branch's P. C. for full citation of authorities on this question.

The third bill of exception complains of the court's refusal to instruct a verdict of not guilty. This charge was properly refused. The evidence in this case is amply sufficient to establish the appellant's guilt.

Appellant contends that the court erred in submitting the theory of principals to the jury. We cannot agree with this contention. The evidence from the State's standpoint clearly indicated that appellant was acting with another in possessing for sale the liquor in question.

Finding no error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that our disposition of the question raised by his motion to quash the jury panel was erroneous. The exact point was decided against him in Hart v. State (No. 8728). It was discussed at some length in the opinion on rehearing in that case, handed down on October 14, 1925, in which our view relative to the question is, fully set out.

The motion for rehearing is overruled.

*Overruled.*