## Mack Elliott v. The State.

### No. 11219.   Delivered March 14, 1928.

#### 1.—Burglary—Evidence—Held Insufficient.

Where, on a trial for burglary, the state's evidence disclosed that certain premises were burglarized and a quantity of paint taken therefrom. One Tom Seale was apprehended near the burglarized premises in possession of a quantity of the stolen paint, the appellant being present with Seale at the time, but not being shown in possession of the stolen property, nor having participated in the burglary, the evidence was insufficient to support the conviction of appellant.

#### 2.—Same — Charge of Court — On Principals — Converse Must Also Be Charged.

The court charged on principals only. The converse of the law of principals was not charged, nor did the court anywhere instruct the jury that the mere presence of the appellant at the time and place of the burglary would not justify his conviction unless the evidence shows that he did some act, aiding, abetting, assisting or encouraging the person who did commit it. The omission was reversible error. See Jackson v. State, 20 Tex. Crim. App. 190; Wise v. State, 104 Tex. Crim. Rep. 327; Nowlin v. State, 60 Tex. Crim. Rep. 356, and Davis v. State, 148 S. W. 303.

Appeal from the District Court of Tom Green County.   Tried below before the Hon. J. F. Sutton, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

*Stinson, Hair & Brooks* of Abilene, for appellant.   On court's failure to charge converse of law of principals, appellant cites: Jackson v. State, 20 Tex. Crim. App. 192; Wood v. State, 28 Tex. Crim. App. 14; Blackshear v. State, 69 Tex. Crim. Rep. 113; Nowlin v. State, 132 S. W. 800; Davis v. State, 148 S. W. 302, and Monroe v. State, 47 Tex. Crim. Rep. 59.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, Judge.—Offense burglary, penalty two years in the penitentiary.

A building was burglarized and a quantity of paint taken. Appellant and one Tom Seale were apprehended in the vicinity of the building and in close proximity to a quantity of paint, some of which was identified as having come from the burglarized premises. At the time of such apprehension Tom Seale was handling this paint. His car stood nearby. Appellant did not handle the paint and there was no direct testimony that he

broke into the house or was actually present when same was burglarized. The state depended mainly upon the circumstance immediately above related.

Appellant's testimony, which was corroborated in part by two other witnesses, was to the effect that he had gone with Tom Seale to the point where he and Seale were apprehended for the purpose of taking a drink with Seale; that he knew nothing of the burglary nor of the presence of the paint in his vicinity; that he never claimed same nor was same ever in his possession or handled by him. Under these circumstances the appellant claimed that he was entitled to an affirmative charge that his mere presence at the time and place of the commission of the offense would be insufficient to sustain a conviction.

The court charged on principals only. The converse of the law of principals was not charged nor did the court anywhere instruct the jury that the mere presence of the appellant at the time and place of the burglary would not justify his conviction unless the evidence shows that he did some act aiding, abetting, assisting or encouraging the person who did commit it.

Under a state of facts very similar to the instant case such a charge was held to be necessary. Jackson v. State, 20 Tex. Crim. App. 190. From this authority we quote:

"Although a man may be present whilst a felony is committed, if he take no part in it and do not act in concert with those who committed it, he will not be a principal merely because he did not endeavor to prevent the felony or apprehend the felon. Whether he was aware of the intention of his companion and participated in it is the fact to be proved in order to implicate him in the criminality of the act."

And further:

"From the proposition that mere presence at the commission of a crime does not render a person guilty, it results that if two or more are lawfully together and one does a criminal thing without concurrence of the others, he is not thereby involved in the guilt."

This authority was followed recently by Justice Lattimore in the case of Wise v. State, 104 Tex. Crim. Rep. 327. See also Nowlin v. State, 60 Tex. Crim. Rep. 356; Davis v. State, 148 S. W. 303.

This was the only defense relied on by appellant and the court's failure to include an affirmative presentation of it in

his instructions constitutes error which demands a reversal of this case, and it is so ordered.

*Reversed and remanded.* ·

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.