NELSON WHITE v. THE STATE.

No. 12029. Delivered March 13, 1929.

The opinion states the case.

*Woolworth & Baker* of Carthage, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, unlawfully manufacturing intoxicating liquors; penalty, three years in the penitentiary.

Officers testified to having seen appellant and one Delaney operating a still near the house of appellant for several hours on the morning of about the 10th of February, 1926. The still was finally raided by the officers and freshly run whiskey was found. Delaney ran off with this whiskey but finally dropped it and the officers recovered it.

Testimony offered for appellant tended to show that he was in fact absent from this still practically all the time it was being observed by the officers, he being at the time at work in a field nearby; that he heard of this still being operated on his premises and had gone down to protest with Delaney about the presence of the still and had ordered him to move it when the officers came suddenly upon them. The issue was thus presented as to whether or not appellant and Delaney were together engaged in the unlawful manufacture of whiskey or whether or not appellant's presence at the still and apparent connection with the offense arose out of his attempt to have Delaney move the still from his premises.

The Court after charging his view of the law of principals from the State's standpoint, further charged the jury as follows:

" * * * but, if you should believe from the evidence in this case that Nelson White did not manufacture intoxicating liquors and did not possess equipment for the manufacture of intoxicating liquor, and did not possess mash for the manufacture of intoxicating liquor and did not know of the unlawful intent, if any, of M. T. Delaney to do either as above set out, and did not aid by acts or encourage by words or gestures M. T. Delaney at the time of such commission, if any, and was performing no part of the transaction and had not previously agreed with said M. T. Delaney to do either, and was an innocent bystander, then you will acquit the defendant, or if you have a reasonable doubt thereof you will acquit him."

Seasonable objections were filed to this, among others that "the charge attempting to submit the converse of principals is submitted conjunctively, and places a greater burden on defendant than does the law."

Analyzing this charge: It required the concurrence of all the following before an acquittal could be had:

(1) That appellant was an innocent bystander.

(2) That no agreement to commit the offense set out in the indictment existed.

(3) That appellant was "performing no part of the transaction."

(4) That he did not aid by acts or encourage by words or gestures M. T. Delaney.

(5) That he did not know of Delaney's unlawful intent, if any.

(6) That he did not manufacture intoxicating liquor or possess equipment therefor, or possess mash for manufacturing such.

By conjunctively stating these several matters the Court placed more burden upon appellant than the law required. Belief by the jury of the concurrent existence of all these of course entitled appellant to an acquittal but he was entitled to such upon much less. The various articles of the statute relating to the subject of principals makes this plan, for example to be a principal (1) you must act with another in the commission of an offense, Art. 65, P. C.; or, (2) be present and knowing another's unlawful intent aid him by acts or encourage him by words in the actual commission of an offense, Art. 66, P. C.; or, (3) agree with another to commit an offense and be actually present with him when same is committed, Art. 69, P. C. Several elements appear in these definitions and the absence of one of them might be a complete defense but the Court required an absence of all of them before the jury could acquit. Finally in addition to requiring a finding of the absence of these various matters, the Court required an affirmative finding in addition that appellant was an innocent bystander, whatever that means. If we comprehend the meaning of the term "innocent bystander" as used in common parlance, a specific finding that he was such would entitle him to an acquittal at once and end the case. If he were an innocent bystander, he couldn't at the same time in law be guilty as a principal. The Court, however, has required not only that he be an innocent bystander, but that the jury find the concurrent nonexistence of practically every fact that would make him a principal. This was error.

The court should further have instructed the jury that the mere presence of appellant at the time and place of the commission of the offense would not justify his conviction without proof of his guilty participation therein. Elliott v. State, 4 S. W. (2nd) 61, and authorities there cited. The appellant's theory, as we understand it, is that his presence at the still was only for the purpose of asking Delaney to remove it. This should have been affirmatively presented to the jury untrammeled and disconnected from the law of principals. In attempting to submit appellant's affirmative defense,

we note the Court used substantially the same language as quoted above in charging the jury on the law of principals.

Errors not discussed are such as are not likely to again occur, but for the errors mentioned, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.