## Mat Green v. The State.

No. 12877. Delivered January 8, 1930.
Reported in 23 S. W. (2d) 376.

The opinion states the case.

*O. M. Herring* of Palo Pinto, and *W. J. Oxford* of Stephenville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, murder; penalty, five years in the penitentiary.

Appellant was tried and convicted for the murder of his wife. According to the testimony of witnesses for both the State and appellant, they were devoted to each other, had never had any prior trouble and no motive is shown for the killing. On the late afternoon of September 11, 1928, neighbors passing the residence of appellant heard him cursing and using language which indicated that the two were having trouble. Three shots were heard. Deceased was shown to have received a pistol wound through the abdomen. Appellant defended on the ground that the shooting was an accident. The testimony introduced by him tended to show that one George Fisher had come to his house that afternoon to trade for a pistol; that he claimed it wouldn't shoot; that he (appellant) was drinking and shot it three times in the house to demonstrate to the intending purchaser that it was in good condition and that his wife, hearing the shooting, came unexpectedly into the line of fire and accidentally received the wound which caused her death.

It is shown that appellant went for his mother in a car and that accompanied by his mother and brother, he took his wife immediately to Strawn, a distance of some five or six miles, to a sanitarium, where she died about forty-eight hours later.

He offered to prove by Dr. Pettigo, the attending physician at the sanitarium, that immediately upon the arrival of deceased at the sanitarium she stated to the witness, Dr. Pettigo, that the shooting was an accident. This was rejected by the Court as hearsay and is made the subject of the only bill of exception in the record. It appears that in a few minutes after the shooting the parties drove rapidly to the sanitarium and that the time intervening between the transaction and the statement offered in evidence was not over thirty minutes.

The State's theory seems to have been that because deceased was accompanied to the sanitarium by the parties named above that there was such opportunity for fabrication as to make inadmissible the declaration as res gestae. This would not necessarily operate to exclude it. The particular facts and circumstances of each case govern the admissibility of such testimony. The declaration must be unprompted, unpremeditated and spontaneous and the necessary concomitant of a transaction in which the declarant was a participant. Beyond these general statements no specific rule seems possible, particularly in view of our departure from the old English rule which made admissible only declarations contemporaneous with the transaction under inquiry. In this case we think the brief time elapsing between the transaction and statement, the suffering of the participant and the particular circumstances under which same was made, bring it within the rule of res gestae statements as recognized in this State and which is illustrated by the cases cited herein. See Lewis v. State, 29 Tex. Crim. App. 201; Castillo v. State, 19 S. W. 892; Williams v. State, 219 S. W. 829; Rice v. State, 54 Tex. Crim. Rep. 150; Thomas v. State, 84 S. W. 823; Bell v. State, 224 S. W. 1108; Branch's P. C., Sec. 83.

Believing the Court erred in rejecting the statement of deceased above discussed, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.