J. A. De Grace v. The State.

No. 13229.   Delivered April 9, 1930.
Reported in 27 S. W. (2d) 186.

The opinion states the case.

*Ben P. Allred* of Pampa, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful transportation of intoxicating liquor; penalty, one year in the penitentiary.

Appellant and one Jack Davis were jointly indicted and tried for this offense. On the trial Jack Davis plead guilty and testified. Officers secreting themselves at the Orange Cottage Grounds observed appellant and Jack Davis approach and pass the above place and in about twenty minutes they returned. Jack Davis was driving the car. The car then approached one of the cottages and a man by the name of Phillips was engaged in conversation. Jack Davis got out of the car and went to the back end. The officers approached and found in the back end of the car a large quantity of whiskey and a smaller quantity in the front end. Appellant was under the influence of liquor.

Defensively it was shown that appellant and Davis were oil field workers steadily employed when they could find work; that they both had the reputation of being peaceable, law-abiding citizens. Davis pleaded guilty, took the witness stand and testified that earlier in the day mentioned by the officers he and appellant had met Phillips uptown, purchased a pint of whiskey from him and drank considerable of it; that he had a conversation with Phillips out of appellant's presence, had agreed to and did go to the country to get the whiskey in question for Phillips, using appellant's car; that on the road back he picked up appellant, who rode with him in the car to the cottage camp grounds. The effect of his testimony was to show that appellant in no way engaged in the transportation of the liquor; that he was merely present at the commission of the offense and was not criminally connected with it. In addition to the evidence of Davis, one of the officers testified: "I didn't see

Frenchy here (the appellant) do anything in connection with that whiskey in the front or the back, except he was sitting in the car."

The Court submitted the case on the law of principals but did not charge the converse of same, did not charge that the mere presence of appellant at the time and place of the commission of the offense would not render him guilty and in fact submitted no defensive charge of any character. Appellant asked a special charge, sufficient, we think, to call the Court's attention to his omission. The substance of this was that if Jack Davis was transporting the liquor in question and that he was joined by appellant, who was merely riding with him in the car and did nothing to aid, assist or encourage Davis in the transportation, to acquit. This constituted appellant's only defense and should have in some way been submitted. It has been many times held that the mere presence of an accused at the time and place of the commission of an offense, in the absence of proof of an agreement to commit it, does not render him guilty. Branch's P. C., Sec. 681; Golden v. State, 18 Tex. Crim. App. 639; Jackson v. State, 20 Tex. Crim. App. 192; Elliott v. State, 4 S. W. (2nd) 61, and authorities there cited. The accused is always entitled to an affirmative presentation of his defensive theory when raised by the evidence. Patterson v. State, 5 S. W. (2nd) 993.

In failing to submit the defensive issues raised by the evidence, error was committed which compels a reversal, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.