## WILL MURRAY v. THE STATE.

No. 13502.   Delivered June 18, 1930.
Rehearing denied June 26, 1930.
Reported in 29 S. W. (2d) 354.

The opinion states the case.

*A. E. Masterson,* of Angleton, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for one year.

Appellant and Sedalia Clark were traveling in appellant's automobile on a public highway. They were followed by an officer. As the officer approached the automobile, appellant looked back and saw him. Apparently recognizing the officer, appellant picked up a hammer and struck three paper sacks which he was carrying in his automobile. The officer finally succeeded in stopping appellant by driving in front of appellant's car. Upon making a search of appellant's car, the officer found that the paper sacks which appellant had hit

with the hammer contained three broken gallon jugs. There was still some whiskey in the sacks, as well as in the bottoms of the jugs. Appellant offered no testimony.

Appellant filed his first application for a continuance wherein he alleged that he was not ready for trial because of the absence of Sedalia Clark. It appears that appellant failed to make application for process for the witness, and the opinion is expressed that diligence is not shown. It was averred in the application that appellant expected the witness to testify, if present, that she had requested appellant to permit her to ride with him to the town of Freeport; that she placed her baggage in appellant's car; that appellant was ignorant of the contents of said baggage; that when they were overtaken by the officer who searched appellant's car they were driving peaceably along the road; that whatever was contained in the paper sacks belonged to the witness and not to appellant,; and that appellant had no knowledge of the contents of said paper sacks. The court overruled the application. The motion for a new trial was in part predicated upon the refusal to continue the case. Attached to the motion was the affidavit of the witness which reads as follows:

"I was in Sandy Point in Brazoria County Texas on the ninth day of December, 1929 when Will Murray drove up in his automobile on his way to Freeport Texas, and that I requested him to take me with him in his car. He consented to do this and I placed my baggage consisting of a small suit case and some bundles in his car. I did not tell him what was in the bundles or in my suit case and he did not ask me. While we were on our way to Freeport, while driving down the road in an orderly manner we were overtaken by the deputy sheriff and said deputy sheriff drove around and in front of us and caused us to stop. Said deputy sheriff then searched the car and found some broken glass in my baggage. That the said Will Murray did not break any glass bottle or jar in said car. She further says that she was arrested at the time and taken before the county attorney and through fear she signed some kind of statement, the exact contents of which she now is unable to say, but says that if said statement is different from the one herein made that such statement does not represent the true facts. She further says that she will testify to all of the above facts if she is called as a witness in the case of the State of Texas v. Will Murray No. 3810 in the district court of Brazoria County Texas."

It is observed that the affidavit of the witness fails to support the averments of the application for a continuance. In the application

for a continuance it was stated in effect that the witness would testify that whatever was contained in the paper sacks belonged to her. In the affidavit it is stated that the searching officer found some broken glass in the witness' baggage, and that appellant had not asked the witness what was in her bundles or suit case and that she had not told him. There is no denial in the affidavit that the searching officer found whiskey in appellant's automobile. There is no statement in the affidavit that said whiskey belonged to the witness and not to appellant. In other words, the affidavit of the witness fails to set forth a statement of facts contravening the state's case. An application for a continuance is properly denied if the absent testimony is not inconsistent with the guilt of the accused or if it would not contravene the state's case in any particular. Branch's Annotated Penal Code, Section 312. In short, the affidavit of the witness shows that she would not testify as claimed by appellant in his application for a continuance. Hence if the court improperly overruled the application,—and this is not conceded,—we would not be warranted in ordering a reversal.

The searching officer acted without a search warrant. In the absence of the jury the court heard evidence touching the question as to whether probable cause existed. The officer testified that he had been informed by certain officers that appellant was hauling intoxicating liquors into Freeport; that his informants had given him the number of appellant's automobile and had also described said car; that appellant's automobile bore the number given him by the officers, and was of the same description; that his informants also advised him that appellant always carried a woman with him in his car; that when he approached appellant, appellant seized a hammer and struck some packages he was carrying in the automobile.

We are unable to agree with appellant that the facts and circumstances detailed by the officer were not sufficient to constitute probable cause justifying a search of the automobile without a warrant. Probable cause has been defined: "A reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." Landa v. Obert, 45 Tex. 539; Battle v. State, 290 S. W. 762. That the facts and circumstances coming to the knowledge of the officer were sufficiently strong in themselves to warrant a cautious man in the belief that appellant was transporting intoxicating liquor is, to our minds,

obvious. Hence the reception of the testimony touching the result of the search was proper.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that we erred in concluding that no diligence was shown in attempting to secure the presence at the trial of witness Sedalia Clark. We are still of the same opinion. It is stated in the application for continuance that the indictment herein was returned on February 7th, and that subpoena for said witness was issued February 14th. Appellant waited a week. It is true that he had the right to depend upon the issuance of a subpoena for a witness by the State, but the fact that the State waited a week before issuing its subpoena, does not excuse appellant for not having sought one sooner.

We know of no rule requiring the granting of a new trial because of the overruling of an application for continuance where no diligence is shown, unless the trial judge or this court be impressed with the fact that the testimony of such absent witness would likely bring about a different result, and that to be deprived of it would work an injustice. Appellant attached to his motion for new trial the affidavit of Sedalia Clark. Same was before the court for his consideration. We find nothing in same leading us to believe that the trial judge abused his discretion in concluding that had the facts set out in the affidavit been before the jury, no different result would have been reached.

We have again examined the record and are confirmed in our conclusion announced in the original opinion that the officer was justified in his search of the appellant's car. When the officer approached same appellant with a hammer broke several jars or bottles of whisky. Appellant did not testify, or deny any of the matters given in testimony by the State.

The motion for rehearing will be overruled.

*Overruled.*