J. F. PENDERGRASS v. THE STATE.

No. 15047. Delivered March 16, 1932.
Rehearing Denied May 4, 1932.
Reported in 48 S. W. (2d) 997.

The opinion states the case.

*Howth, Adams & Hart,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE. — The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for one year.

Jack O'Burk, accompanied by appellant, was driving an automobile along a street in the city of Port Arthur at a rate of speed of from thirty-

five to forty miles an hour. Police officers overtook them and forced them to stop. A search of the car disclosed some jugs of whisky between appellant's feet. Altogether, the officers found in the car more than a gallon and a half of whisky. Appellant did not testify, and introduced no testimony on the question of his possession and transportation of the whisky. He made application for a suspended sentence, and offered testimony to the effect that he had never been convicted of a felony and that his general reputation for being peaceable and law-abiding was good.

Bill of exception No. 1 presents the following occurrence: Appellant asked each juror, on his voir dire examination, whether or not he was a prohibitionist. The court refused to permit the question to be answered. It is recited in the bill of exception that appellant was seeking information for the purpose of enabling him to intelligently exercise his peremptory challenges. It is not shown in the bill that any of the jurors were prohibitionists. The opinion is expressed that the bill of exception is insufficient to reflect reversible error. From volume 4, page 373, Texas Jurisprudence, we quote the following: "A bill complaining of the refusal to permit the appellant to ask a question of a venireman is insufficient where it does not show what his answer would have been, or that the question would have elicited an answer disqualifying him or rendering him objectionable to the appellant, or does not show that he served on the jury which tried the appellant."

The court permitted appellant's counsel to ask each member of the panel whether he had any bias for or prejudice against the liquor law, or against a person charged with a violation thereof. Also each juror was permitted to state whether he could give a person charged with a violation of the liquor law the same fair and impartial trial that he would in any other character of case. It would have been proper for appellant's counsel to elicit from each juror whether or not he was a prohibitionist, in order that he might intelligently exercise his peremptory challenges. Kerley v. State, 89 Texas Crim. Rep., 199, 230 S. W., 163; Belcher v. State, 96 Texas Crim. Rep., 382, 257 S. W., 1097; Belcher v. State, 96 Texas Crim. Rep., 561, 258 S. W., 815; Benson v. State, 95 Texas Crim. Rep., 311, 254 S. W., 793. The right to appear by counsel, guaranteed by the Bill of Rights, carries with it the right of counsel, within reasonable limits, to examine each juror individually in order to prepare himself for the intelligent exercise of the peremptory challenges allowed him by statute. Naugle v. State, 118 Texas Crim. Rep., 566, 40 S. W. (2d) 92, and authorities cited; Plair v. State, 102 Texas Crim. Rep., 628, 279 S. W., 267.

Appellant objected to the testimony of the officers touching the result of the search, on the ground that no search warrant had been issued, and that the facts and circumstances were not sufficient to authorize a search

upon probable cause. The arresting officer testified before the court that he and his companions followed the car driven by O'Burke and appellant because they had information that they were hauling liquor. He said that the parties drove down the street at the rate of speed of from thirty-five to forty miles an hour, and that they followed them in a police car for some distance before they could stop them. He testified that they sounded the siren on the car to let them know that they were officers. After the car had stopped, according to the testimony of the officer, he looked over toward the car and saw some jugs in it. An investigation disclosed that the jugs contained whisky. We are unable to agree with appellant that the facts and circumstances detailed by the officer were not sufficient to constitute probable cause justifying the search of the automobile without a warrant. "Probable cause" has been defined: "A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." Landa v. Obert, 45 Texas, 539. See, also, Murray v. State, 115 Texas Crim. Rep., 79, 29 S. W. (2d) 354, and authorities cited.

The existence of the facts and circumstances constituting probable cause was not disputed. Hence it was not error for the court to refuse to instruct the jury that if they had a reasonable doubt as to whether the officers making the search had probable cause they would acquit appellant.

In bill of exception No. 8 complaint is made of the argument of the district attorney in which he stated that appellant had brought no testimony before the jury to the effect that the liquor in question was not whisky. It is recited in the bill of exception that appellant did not testify. It is not shown in the bill of exception that no person other than appellant was in a position to contradict the testimony that the liquor was whisky. We quote from volume 4, page 397 of Texas Jurisprudence, as follows: "A bill complaining of a statement that certain testimony or facts had not been denied or disproved, or of a reference to the absence of evidence to show certain facts, or of an argument challenging the jury to explain certain matters as being an indirect reference to the failure of the accused to testify, is insufficient when it does not show no one other than the appellant was in a position to contradict the testimony or to disprove the statement, or to explain the matter."

An examination of all of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that there was a disputed issue of fact as to probable cause for the search of his car, which issue appellant asserts in his motion for rehearing, should have been submitted to the jury. The record shows that officers were trailing the car in which were appellant and another and in which car when finally searched there was found a quantity of whisky. Mr. Vinson, the first officer who gave testimony, said: "We were following this car because we had information that there was a load,—that they were hauling liquor." Movements and speed of the car and its pursuers were all detailed. The car was said to be going thirty-five or forty miles per hour in the city of Port Arthur. When the car was finally stopped, and before the officers got out of their car, one of them flashed a flash light on said car and saw the jugs of whisky sitting therein. The only witness relied on by appellant as raising any issue as to probable cause was the driver of the police car, who testified that he was paying attention to his car and trying to crowd the car in which appellant was over to the curb without having a collision. This witness said he could not say what the other officers did or saw because his attention was occupied with the driving of the car in which the other officers were when they overtook appellant. The other officers also testified that as they drew near appellant's car they put the siren on in order that the occupants of the car might be apprised of the fact that those pursuing were the police. The defense witness, the driver above referred to, at first said the siren was not used, and gave as his reason the fact that his car was not equipped with a siren. Later and when it was shown that the car he was driving was a police car and that it was equipped with a siren, he said he did not remember whether the siren was put on or not. If the issue of probable cause can ever be a jury question, of which the writer is doubtful, we are still unable to see any necessity for submitting to the jury the issue of probable cause in this case.

We think we made proper disposition of appellant's complaint that he was not allowed to ask the jurors whether they were prohibitionists. One complaining of procedure like this must not only show that he made complaint, but must go further and make some showing that the ruling of the court was wrong and that by the ruling he was hurt. We do not think those cases in which the right to ask prospective jurors as to their membership in the Ku Klux Klan was held transgressed, have application. Appellant seems not to have made any effort to show that any person taken on the jury was objectionable to him, or that permission to ask if the jurors were prohibitionists would have led to knowledge upon which he would have challenged any of them. The substantial rights of appellant in this regard were fully protected by the ruling of the court, as stated in our original opinion.

We think we correctly passed on appellant's complaint of the argu-

ment. The record shows that others beside appellant were present at the time the whisky alleged to have been transported was found in the car. It further appears from the bill of exception making complaint of said argument that in the discussion by appellant's attorney before the jury he took the position that there was no evidence to sufficiently show that the liquor transported was in fact whisky, and that it was in reply to this argument of appellant's attorney that the attorney for the state, in closing the case, made the statement complained of, viz: "Defendant has brought before you no testimony that the liquor transported was not whisky." This seems no transgression of the rules and no forbidden reference to the failure of appellant to testify. Two men were in the car, O'Burke, who was driving, and appellant, between whose feet were the containers of whisky, a gallon and a half in jugs and two beer bottles full. When the officers stopped the car one of the occupants said, "Well, you got us," or "All right, you got us." No disclaimer of interest in the liquor was made by appellant then and none at this trial. A very different state of facts appears in the case of De Grace v. State, 115 Texas Crim. Rep., 558, 27 S. W. (2d) 186, cited by appellant. In the case mentioned there was testimony affirmatively showing that the accused knew nothing of the presence of the whisky in the car, and a special charge presenting such defensive issue was refused.

We see no ground for complaint of the fact that while attempting to evade their pursuers appellant and his companion drove their car thirty-five or forty miles per hour in the city of Port Arthur, the ground of objection being that such act constituted a separate and distinct offense from that of the transportation of intoxicating liquor.

The motion for rehearing will be overruled.

*Overruled.*