ALFREDO SERRATA V. THE STATE.

No. 17009.  Delivered November 28, 1934.
Reported in 76 S. W. (2d) 765.

The opinion states the case.

*John J. Pichinson* and *Fred H. Woodard,* both of Corpus Christi, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for robbery; punish-ment, eight years in the penitentiary.

This case was tried in March 1934. No bills of exception were filed during the term, which ended April 21st, nor within any extension period granted by the trial court within which such bills must be filed. On November 13, 1934, responding to a motion to that effect, the trial court attempted to enter an order nunc pro tunc as of April 4, 1934, granting appellant the right to file his bills of exception within ninety days after the conclusion of the trial. The court was without authority to make any such order. No effort was made to show that the court did in fact, within the time fixed by law, direct or order an extension of time which, through no fault of the accused, was not entered upon the minutes. The court below merely attempts to enter such an order nunc pro tunc for the stated reason only that counsel for appellant, through inadvertence, failed to secure such order for extension within the proper time.

As stated above, the case was tried on March 22, 1934. A statement of facts was duly filed with the clerk of the trial court on the first of June following. Under the terms of article 760, C. C. P., a statement of facts filed within ninety days after final judgment is filed within time and will be considered by this court. The holding contrary to this in case the trial term extends more than eight weeks, appearing in Malone v. State, 75 S. W. (2d) 104, is incorrect, and same is overruled.

A man named Correa was held up and robbed on September 4, 1931, about 1:30 P. M. According to his testimony he had just gotten back from lunch to his printing shop on Eleventh Street in Brownsville, Texas. He said that the printing shop was dark when closed up, and that as he went in and got up near his safe a man appeared and told him to raise his hands. Thinking the man was joking, Correa did not respond but made some remark. The man produced a pistol and again told him to put up his hands and open the safe. Correa said that about this time another man appeared and closed the doors, and that man No. 1, not being satisfied with Correa's movements, struck him upon the head with the pistol, knocking his glasses

off. Man No. 2 advanced toward the safe, which Correa had opened, took out of it $400 in money, a pistol, a watch and some keys on a ring, one key having a brass top. The two men then proceeded to tie Correa with his face down and left. Correa got loose after some trouble and reported the matter to the officers. He testified on this trial that appellant bore some resemblance to the man who got the money out of the safe, but on cross-examination he declined to identify him as such party.

A deputy sheriff testified that he was on his way home from the court house, going down Eleventh Street, and that he met appellant in a car going in the direction of Correa's shop, some other man being with him. The officer said he had seen appellant in this car before, and observed that certain accessories or trappings which the car ordinarily bore were not on it. He testified that he went on to lunch, and started back to the court house after eating, and was informed by some one of the robbery of Correa. He went at once to the printing shop. A woman named Garcia, who lived near the printing shop, gave him the number of a car, and he in turn informed other officers, and they began to hunt for the car bearing such number. About five o'clock in the afternoon they got sight of a car having a corresponding number upon it which was being driven by appellant, and the officers pursued him. Appellant turned corners and would look back and would increase his speed, but was finally overtaken and captured. The officer testified that appellant was in the same car occupied by him when he first met him about 12:15 P. M., but said at this second time the car was fully equipped with all of its accessories, namely, a spare tire in the fender well on each side of the car, mirrors on the spare tires, reflector caps on the lights, etc. The State introduced a Mexican woman who testified that on some day, the month and year of which she would not undertake to locate, she saw appellant and two other Mexicans at the house where she was staying. This was before noon, and she said that the three men were engaged in removing from a little car the accessories above mentioned. After getting these things off the car, they got into it and left. In the afternoon they came back and replaced upon the car the accessories referred to. She overheard them talking while so engaged, and heard appellant say that he was the one who got the money while Hernandez held the pistol. At a still later period she overheard appellant and Hernandez talking and they ssemed mad because the other Mexican had gone off with the money. She heard no names mentioned in their conversation as to whose money was

referred to. She further testified that she saw appellant about this time in possession of a pistol, a watch and some keys, one of which had a yellowish top, but heard no statement made as to whom these things belonged. The woman Garcia,—whose hearsay statement to the deputy sheriff was testified to by him, —was for some reason not put upon the stand or used.

Appellant asked a special charge instructing the jury that the case was one of circumstantial evidence. The court refused to give the charge, and noted thereon over his own signature that the charge was refused, and that to this action the defendant excepted. We have held in a number of cases that such notation is sufficient to bring forward the error of the refusal of such special charge. In Abbott v. State, 94 Texas Crim. Rep., 31, we said:

"Under the practice in this State in criminal matters all errors of the procedure in the trial courts upon which reliance is had for review in this court, should be preserved by bills of exception, either by separate bill or as in the case of refused charges, by appropriate notation upon some document which becomes a part of the transcript on appeal."

In Linder v. State, 94 Texas Crim. Rep., 316, we pointedly held that a notation such as appears in this case was equivalent to a bill of exceptions. See also Cunningham v. State, 97 Texas Crim. Rep., 624; Aldridge v. State, 101 Texas Crim. Rep., 466; Solomon v. State, 110 Texas Crim. Rep., 122. Only by deduction does there arise any inference that this appellant was guilty of the robbery of Correa. His movements as testified to by the officers; his actions and those of the other two Mexicans, as testified to by the woman, are but facts from which a jury might conclude he was guilty. Correa's failure to identify him except partially, would be another circumstance.

Believing the trial court erred in declining to submit the case upon the law of circumstantial evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*