# MARCH 4, 1942

## VELDON ALEXANDER V. THE STATE.

No. 21958. Delivered March 4, 1942.

The opinion states the case.

*W. W. Arnold,* of Texarkana, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is burglary. The punishment assessed is confinement in the State penitentiary for a term of two years.

R. E. Nicholson, Raymond Giles and appellant were jointly indicted. A severance was had and R. E. Nicholson was first put on trial. He entered a plea of guilty. Thereafter, Raymond Giles and appellant were put on trial and each entered a plea of not guilty. The jury found both of them guilty, and assessed the punishment of Raymond Giles at confinement in the State penitentiary for a term of five years, but recommended that his sentence be suspened. They assessed appellant's punishment at confinement in the State penitentiary for a term of two years but declined to recommend that his sentence be suspended.

Appellant brings forward two complaints. One relates to the court's action in declining to grant his request for an instruction to the jury to return a verdict of not guilty, and the other relates to the action of the court in declining to instruct the jury relative to the law of circumstantial evidence. He contends that notwithstanding R. E. Nicholson, a co-defendant, testified that he, together with Raymond and Giles and appellant, entered the garage of Jack Pride by force at nighttime and took therefrom wheels, tires, tubes, a battery and wrenches, that there was no corroboration of his testimony, in the absence of which the court erred in declining to give the requested charge. If there was no corroboration of the co-indictee Nicholson, then appellant's position would be well taken, but the record shows that on the day following the burglary, these three persons went to Texarkana and sold the stolen articles to Roy Freeman, a junk dealer, where the property was recovered and identified. Freeman testified that Nicholson, Giles and appellant came to his place of business on May 27 and sold to him the property in question; that Nicholson brought the property into his place of business while Giles and appellant were about fifteen feet from the door walking around in front of his premises. Hence it was shown that Giles, Nicholson and appellant were found in possession of recently stolen property which is a circumstance from which an inference of guilt arises. See Cogshall v. State, 58 S. W. 1011. It is apparent that the testimony given by Freeman is sufficient corroboration of that given by the co-defendant, Nicholson, to meet the requirements of the law.

With reference to appellant's contention that he was entitled to an instruction on the law of circumstantial evidence, we deem it pertinent to here state that where there is direct and positive evidence from any source, the case is taken out of the realm of circumstantial evidence because under such state of facts it does not rest wholly upon circumstances. See Hawkins v. State, 60 S. W. (2d) 227, 124 Tex. Cr. R. 23; Branch's Ann. Tex. P. C., p. 1040, sec. 1874; Reese v. State, 157 S. W. (2d) 913, and cases there cited.

No reversible error appearing from the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.