# NOVEMBER 29, 1944

FRANK CAUSEY, JR., v. THE STATE.

No. 22917. Delivered October 25, 1944.
Rehearing Denied November 29, 1944.

The opinion states the case.

*Frnka & Woodward,* of Columbus, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of aggravated assault. The punishment assessed is confinement in the county jail for a period of six months and a fine of $500.00.

The State's evidence, as reflected by the record, shows that on the 8th day of January, 1944, appellant, without any cause or provocation, cut Sergeant Bert W. Saunders, inflicting serious wounds upon him. Appellant did not testify or offer any affirmative defense.

His first complaint relates to the action of the court in declining to grant his first application for a continuance based on the absence of Sgt. Martin Roberts, Louis Samora and M. C. Theuman. The facts which appellant expected to prove by the absent witnesses, Roberts and Samora, are substantially as follows: That they were present at the time and place of the difficulty; that each of them, if in attendance upon court, would testify that Sgt. Saunders, the injured party, knocked appellant down, got on top of him and struck him, but there is not any allegation that this occurred before appellant cut Sgt. Saunders. If appellant inflicted the injuries upon Saunders as charged in the indictment, the offense was complete even though it be conceded that Saunders thereafter knocked him down. Consequently, the right of self-defense was abridged and the expected testi-

mony was not of such materiality as to require a reversal of the judgment. See Murray v. State, 115 Tex. Cr. R. 79, 29 S. W. (2d) 354; Atwood v. State, 102 Tex. Cr. R. 122, 277 S. W. 665. The motion for new trial was in part predicated upon the failure of the court to continue the case and in part on the court's failure to charge on the law of circumstantial evidence.

Attached to the motion for new trial is an affidavit made by the absent witness, Sgt. Roberts, wherein he states that he saw some one knock appellant down, get on top of him and beat him, but he failed to state who this party was. He also failed to state that this occurred prior to the time that appellant cut the alleged injured party. It is obvious that if it occurred subsequent to that time, it would not be material. It will also be noted that by the affidavit he did not support the averments in the original application for a continuance. An application for a continuance is properly denied if the absent testimony is not inconsistent with the guilt of the accused, or if it would not contravene the State's case in any particular. Branch's Ann. Tex. P. C., sec. 312.

Now, with reference to the facts which he expected to prove by the absent witness, Theuman, it is alleged in the motion that he was present at the scene of the difficulty; that he picked appellant up and took him home. This being all that he could prove by said witness, we do not see that it was material to any issue in the case or that it contravened the State's case.

His next complaint relates to the court's action in declining to submit to the jury his special requested charge to return a verdict of not guilty. We are of the opinion that under the facts of this case, he was not entitled to such an instruction. The injured party testified that appellant cut him without any cause or provocation, and this was not denied or controverted by any evidence.

Appellant, in due time, addressed a number of general objections to the court's charge which the court declined to heed. He contends this was error. We have carefully examined the objections and reached the conclusion that they are insufficient in that they did not specifically point out any error as is required by Art. 658, C. C. P. See also Perry v. State, 136 Tex. Cr. R. 553; Green v. State, 114 Tex. Cr. R. 274, and authorities there cited.

Appellant also complains of the court's action in declining to respond to his objection that the charge failed to instruct the

jury on the law of circumstantial evidence. This case did not depend entirely upon circumstantial evidence as the injured party testified positively and unequivocally that appellant cut him without any cause or provocation. Therefore, under the following authorities he was not entitled to such an instruction: Alexander v. State, 159 S. W. (2d) 505; Egbert v. State, 76 Tex. Cr. R. 663, 176 S. W. 560; and many other cases might be cited.

In his motion for new trial appellant also alleges that since the trial he has discovered new testimony of Mrs. Clockman and Tate Parker. It appears from the evidence adduced at the hearing of the motion that Mrs. Clockman was summoned as a witness and was present in court during the trial but no effort was made, so far as the record shows, to ascertain from her what she knew relative to the case. Consequently, appellant failed to exercise proper diligence. Now, with reference to that of Tate Parker, there is no showing that appellant did not know of Parker's presence at the scene of the assault. It occurs to us that by the exercise of proper diligence appellant might have discovered the witness and learned from him what facts he knew, if any, that might affect the case. The rule seems to be that a new trial will not be granted for testimony claimed to be newly discovered which could have been obtained at the trial by the use of ordinary diligence. See Branch's Ann. P. C., sec. 198, and authorities there cited. Furthermore, it must be shown that the evidence was not known to the appellant or his attorney. If either knew of it, it would not be newly discovered. No such allegation appears in his motion.

No error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The motion for rehearing in this case is insistently presented on the question in appellant's Bill of Exception Number One which brings forward his motion for a continuance. We have reviewed the record in the light of the motion and find that the facts of the case are clearly stated in the original

opinion. In approving the Bill the trial court stated his reasons for overruling the motion. The original opinion reviewed these with approval. Nevertheless, it is insisted that if appellant had been permitted to secure his witnesses and place them on the stand he would have developed evidence as a basis for his own testimony by which he would have made a defense.

We are unable to find from the record before us that any defense was made in the trial of the case and it would be foreign to our system of trial procedure if we should sanction a method by which the party on trial could place his witnesses on the stand in order to find out what his own defense could be. The appellant did not testify and there is no evidence to indicate that he acted in self defense. The original opinion correctly pointed out the defects in the motion for a new trial as well as the motion for continuance and we are unable, on any theory, to say that the trial court abused his discretion in overruling the motion for continuance. Certainly we can not agree that one is entitled to have his first motion for continuance granted as a matter of right.

Appellant's motion for rehearing is overruled.