FRANCISCO F. RODRIGUEZ V. STATE

No. 27,835. January 4, 1956

*Roy A. Scott* and *Noe C. Garza*, Corpus Christi, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the possession of marihuana; the punishment, ten years in the penitentiary.

According to the testimony of the state's witness, Rudolfo Rodriguez (no relation of appellant), appellant agreed to supply 50 pounds of marihuana to complete a sale which Rudolfo Rodriguez had arranged with a Negro customer for $1,800, and Rudolfo was to receive $100 for his services as an interpreter because appellant could not speak English. When appellant had acquired the 50 pounds of marihuana he notified Rudolfo Rodriguez, who arranged for its delivery and payment with the Negro customer. Appellant, with three boxes of marihuana in his truck, met Rudolfo Rodriguez and they went together to the pre-arranged place at the agreed time to consummate the sale.

The officers were secreted around the agreed place of delivery and saw the Negro stop his car. When appellant and Rudolfo Rodriguez arrived in the truck, Rudolfo Rodriguez contacted the Negro who told him that he had the money and was ready for the delivery, and as Rudolfo Rodriguez was carrying one of the boxes of marihuana from the truck to the Negro's car, the officers appeared, the Negro sped away, appellant and Rudolfo Rodriguez were arrested and 50 pounds of marihuana was found in the box Rudolfo Rodriguez was carrying and in the two boxes in the truck.

It was properly shown that the boxes in question contained marihuana.

Appellant, while testifying in his own behalf, stated that he stopped at Rudolfo Rodriguez's place of business, and that as he was leaving Rudolfo Rodriguez asked him to help move some things for him to his brother's house which he agreed to do;

that appellant placed the articles on his truck, among which were some boxes, and then accompanied him and directed the way to the house where they were arrested while he was seated in the truck and Rudolfo Rodriguez was removing the boxes; and that he never looked into the boxes and did not know that they contained marihuana.

There are no objections to the charge, but appellant complains of the refusal of his requested charges numbers two and three which present the sole questions for review on this appeal.

These requested charges presented appellant's defense that if the boxes of marihuana were placed in his truck by another person and he did not know that the boxes contained marihuana to find him not guilty.

The court submitted the case on the law of principals, but did not charge that the mere presence of the appellant at the time and place in question would not render him guilty, and in fact submitted no defensive charge of any character.

Appellant was entitled to an appropriate affirmative submission of his defense to the jury as raised by the evidence. Elliott v. State, 109 Texas Cr. R. 270, 4 S.W. 2d 61; Morales v. State, 110 Texas Cr. R. 81, 8 S.W. 2d 152; White v. State, 111 Texas Cr. R. 531, 15 S.W. 2d 23; De Grace v. State, 115 Texas Cr. R. 558, 27 S.W. 2d 186; Fawcett v. State, 137 Texas Cr. R. 14, 127 S.W. 2d 905; Hernandez v. State, 137 Texas Cr. R. 343, 129 S.W. 2d 301; Rhoades v. State, 138 Texas Cr. R. 14, 133 S.W. 2d 579; Sosa v. State, 161 Texas Cr. R. 193, 275 S.W. 2d 655. The requested charges were sufficient to call the trial court's attention to the omission and preserve the error. Art. 659, Vernon's Ann. C.C.P., as amended, 1953; Wooley v. State, No. 27,748, (page 378, this volume).

The judgment is reversed and the cause is remanded.

Opinion approved by the court.