**Affirmed and Majority Opinion and Dissenting Opinion filed September 24, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00504-CR

---

**MANUEL  ESPINO-CRUZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1531630**

---

## DISSENTING  OPINION

The  instant  case  lacks  (1)  the  necessary  "affirmative  links"  between Appellant and the drugs, and (2) sufficiently just reasons to authorize our courts to convict Appellant for merely being within some unidentified proximity to contraband.  I am therefore obliged to dissent from the majority's affirmation of the jury's verdict and would vacate Appellant's conviction.

The majority correctly identifies the applicable standard but misapplies it to

the facts. Even when the facts are viewed in the light most favorable to the jury's verdict, there is no evidence tending to establish Appellant knowingly possessed the drugs (or even knew they were present), much less that he intended to sell them.

The Texas Court of Criminal Appeals has held a list of factors can support juries' findings that defendants knowingly possessed drugs when they were not in exclusive possession of the place where said drugs were found; the absence of any given factor (or even all remaining factors together), however, is *not* exculpatory. *See James v. State*, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd) (citing *Hernandez v. State*, 538 S.W.2d 127, 131 (Tex. Crim. App. 1976)). To satisfy the requisite "affirmative links" test, the majority rests its conclusion on the following:

- Appellant was found in a suspicious place under suspicious circumstances;

- Appellant was riding in the Fusion's front passenger seat when officers conducted the search and found the heroin;

- The officer immediately smelled a strong odor of heroin (*after* opening the trunk);

- There was a large amount of heroin discovered;

- The drugs were found in the trunk of the car, which is an enclosed space and was accessible within the vehicle because the trunk latch could be accessed from inside the vehicle; and

- Appellant was found with a phone in his hand when he was detained.

These factors (both individually and collectively) (1) are incapable of establishing constitutionally sufficient affirmative links to justify a conviction, and (2) illustrate that despite clearly established jurisprudence concerning the right to remain free

from unreasonable seizures and convictions, some prosecutors, courts, and juries remain prepared to seek, sustain, and assess criminal convictions based on mere proximity to contraband combined with other irrelevant "evidence" of guilt. *See generally Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006) ("Mere presence at the location where drugs are found is insufficient, by itself, to establish actual care, custody, or control of those drugs."); *see also Waldon v. State*, 579 S.W.2d 499, 501 (Tex. Crim. App. [Panel Op.] 1979).

First, the majority importantly cites *Robinson v. State*, 174 S.W.3d 320, 326 (Tex. App—Houston [1st Dist.] 2005, pet. ref'd) ("The term 'conveniently accessible' means that the contraband must be within the close vicinity of the accused *and easily accessible while in the vehicle* so as to suggest that the accused had knowledge of the contraband and exercised control over it.") (emphasis added) (citing *Rhyne v. State*, 620 S.W.2d 599, 601 (Tex. Crim. App. [Panel Op.] 1981) and *Deshong v. State*, 625 S.W.2d 327, 329 (Tex. Crim. App. [Panel Op.] 1981)); *see also Tate v. State*, 463 S.W.3d 272, 280 n.5 (Tex. App.—Fort Worth 2015), *rev'd on other grounds*, 500 S.W.3d 410 (Tex. Crim. App. 2016) and *Villarreal Lopez v. State*, 267 S.W.3d 85, 93 n.24 (Tex. App.—Corpus Christi 2008, no pet.). In *Robinson*, (1) appellant was seated in the front passenger seat, (2) "[t]he cocaine was discovered in a factory compartment located in the back wall of the truck, which could be seen and accessed only by folding down the truck's back seat," (3) said compartment was "unlocked and unable to be closed completely because a shirt was stuffed in the opening," and (4) appellant had keys to the truck. *Robinson*, 174 S.W.3d at 326-27. The drugs therein were "conveniently accessible". The instant case is devoid of comparable facts and the drugs here were therefore not "conveniently accessible" under Texas law.

Second, the majority relies on testimony that the trunk could be opened from the inside, thereby enabling Appellant to "access the drugs without a key". This

proposition as an "affirmative link" is uncited and effectively announces a new rule: without more, any passenger in Texas in a car carrying contraband in a trunk not protected by a lockable (and locked) internal trunk release is now sufficiently linked to said contraband to justify a criminal conviction. I cannot agree therewith.

Third, there is simply no evidence that could enable a jury to find Appellant ever touched, opened, or even looked at (1) any relevant item, (2) the trunk release, *or* (3) the trunk (much less *inside* the trunk or *any* object therein); therefore, there is *zero* evidence capable of sustaining Appellant's conviction. Moreover, there is no evidence Appellant had the ability to access the trunk (1) from the passenger seat, (2) from the inside of the vehicle, or (3) while the vehicle was moving; therefore, the drugs were not "easily accessible *while in the vehicle*." *See Robinson*, 174 S.W.3d at 326 (emphasis added). These facts preclude a finding that the drugs were "conveniently accessible" and are insufficient to affirmatively link Appellant thereto.

Fourth, "[i]t has been ***many times held*** that the mere presence of an accused at the time and place of the commission of an offense, in the absence of proof of an agreement to commit it, does not render him guilty." *De Grace v. State*, 115 Tex. Crim. 558, 560, 27 S.W.2d 186 (1930) (emphasis added) (citing Branch's P. C. §681; *Golden v. State*, 18 Tex. Ct. App. 639 (1885); *Jackson v. State*, 20 Tex. Ct. App. 192 (1886); *Elliott v. State*, 109 Tex. Crim. 270 (1928), and "authorities there cited."). "[P]resence or proximity, *when combined with other evidence*, either direct or circumstantial (e.g., 'links'), may well be sufficient to establish that element beyond a reasonable doubt." *Black v. State*, 411 S.W.3d 25, 28 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (emphasis added) (citing *Evans*, 202 S.W.3d at 161-62). "This 'affirmative links rule' *is designed to protect the innocent bystander* from conviction based solely upon his fortuitous proximity to someone else's drugs." *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim.

4

App. 2005) (emphasis added), *abrogated on other grounds by Robinson v. State*, 466 S.W.3d 166, 173 & n.32 (Tex. Crim. App. 2015) (citing *United States v. Phillips*, 496 F.2d 1395, 1397-99 (5th Cir. 1974) ("Proof of mere proximity to contraband is not sufficient to establish actual constructive possession or the element of knowledge"; distinguishing the "non-explaining possessor" from the "incredible non-possessor", and concluding that evidence was sufficient because "[t]here are no facts in this case tending to establish exclusive possession and knowledge by [co-defendant]")).

Our sister courts have issued opinions clarifying the strength of purported affirmative links when there is no evidence a defendant (*e.g.,*):

(1)    owned the vehicle;

(2)    was driving the vehicle;

(3)    was asked for permission to search the vehicle (because he was not in control of it);

(4)    possessed any of the trunk's contents;

(5)    had fingerprints on any relevant item or on anything in the trunk;

(6)    attempted to flee;

(7)    made incriminating statements;

(8)    made furtive gestures;

(9)    was under the influence of any drugs;

(10)   was found in proximity to any drugs inside the vehicle (excluding the trunk); and

(11)   was found in proximity to any paraphernalia for using contraband inside the vehicle.

*See generally Jenkins v. State*, 76 S.W.3d 709, 716 (Tex. App.—Corpus Christi 2002, pet. ref'd) (summarizing *Dixon v. State*, 918 S.W.2d 678, 679 (Tex. App.—

Beaumont 1996, no pet.)). In *Dixon*, the court found the evidence was insufficient to sustain the conviction because there was no evidence the defendant had actual care, custody, control, or management over the contraband. 918 S.W.2d at 682; *see also Moreno v. State*, 821 S.W.2d 344, 352 (Tex. App.—Waco 1991, pet. ref'd) (insufficient links to connect passenger to cocaine found under the hood of the vehicle (*despite the fact that he had cocaine in his wallet*) when he (1) was not connected with the ownership or control of the car; (2) made no furtive gestures; (3) did not attempt to escape; (4) made no incriminating statements; (5) was not under the influence of an illegal drug; and, (6) the odor of an illegal drug was not present in or around the vehicle); *Humason v. State*, 699 S.W.2d 922, 923 (Tex. App.—Houston [1st Dist.] 1985) (insufficient links when (1) driver was the truck's sole occupant and (2) the bag with drugs "was unzipped and close to appellant, thus suggesting that he had immediate access to the contents of the bag"), *aff'd,* 728 S.W.2d 363 (Tex. Crim. App. 1987); and *Jenkins*, 76 S.W.3d at 717-18 (insufficient links where appellant was effectively a non-owner and unintoxicated passenger who did not attempt to flee and made no furtive gestures, a "large" quantity of drugs were "secreted" in the trunk (not in plain view), the owner consented to a search, the trunk was locked, the odor of the contraband was "not detected until [the officer] opened the trunk," there was "no evidence of appellant being present when the trunk was opened prior to [the officer's] search, and no paraphernalia was "found on appellant or in his luggage").

Employing the legal sufficiency standard of review and viewing the "affirmative links" in the light most favorable to the prosecution, the majority erroneously holds the evidence is sufficient to sustain a conviction for possession of contraband. When the evidence here is viewed in that same light, it is plainly insufficient to prove Appellant's intent to distribute same and does not sufficiently link the contraband to Appellant in such a manner and to such an extent that a

6

reasonable inference may arise that he (1) knew of the contraband's existence or (2) exercised any control over it. Additionally, the narcotics officer testified he did not examine or download any data from Appellant's phone and could not thereby link him (even circumstantially) to the confidential informant or the drugs; here, the absence of such evidence plainly demonstrates its unavailability, unreliability, or irrelevance. Finally, there was conflicting testimony at trial between the two testifying officers (the narcotics officer and the traffic patrolman) about the type of car carrying the contraband. That testimony was never reconciled and cannot sustain this conviction under these circumstances.

Simply put, the evidence of Appellant's guilt is (1) his mere presence in a car with an unlockable trunk containing contraband and (2) a cell phone that was never connected to the confidential informant. *See Jenkins*, 76 S.W.3d at 719 n.13 ("To accept the State's argument would permit a single factor indicating guilt to trump any number of other factors which did not tend to establish possession. But that is not our law; the determination of whether the evidence is sufficient to affirmatively link the accused to the contraband must be made not by applying some rigid algebraic formula, but on a case by case basis.") (citing *Whitworth v. State*, 808 S.W.2d 566, 569 (Tex. App.—Austin 1991, pet. ref'd)).

As an intermediate appellate court, we are entrusted with the solemn obligation to vindicate guaranteed Due Process protections. *See generally Griffin v. State*, 614 S.W.2d 155 (Tex. Crim. App. [Panel Op.] 1981); *see also* Tex. Const. art. V §6(a). In this case, we have failed to do so because "the record contains no evidence, or merely a 'modicum' of evidence, probative of an element of the offense." *Garcia v. State*, 367 S.W.3d 683, 687 (Tex. Crim. App. 2012) (*quoting Jackson*, 443 U.S. 307, 320 (1979), and *Laster v. State*, 275 S.W.3d 512 (Tex. Crim. App. 2009) ("After giving proper deference to the factfinder's role, we will uphold the verdict unless a rational factfinder must have had reasonable doubt as to

7

any essential element.")).  Regardless of whether Appellant committed a crime, we are duty-bound to ensure the State proves he did so beyond a reasonable doubt in a manner that comports with our shared, agreed-upon, and fundamental principles of justice.  The State failed to do so and Appellant's conviction should therefore be vacated.


/s/     Meagan Hassan
                                                        Justice


Panel consists of Justices Wise, Jewell, and Hassan.  (J., Jewell, majority).

Publish — Tex. R. App. P. 47.2(b).